# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1718MN

_____

United States of America,       *
                              *
         Appellee,       *
                              *
    v.                      *
                              *
Shawn Richard Anderson,     *
                              *
         Appellant.     *

_____

No. 00-2098MN

_____

Appeals from the United States
District Court for the
District of Minnesota

United States of America,       *
                              *
         Appellee,       *
                              *
    v.                      *
                              *
Mateo Morales,            *
                              *
         Appellant.     *

_____

Submitted:  November 14, 2000
Filed:  January 5, 2001

_____

Before MORRIS SHEPPARD ARNOLD and JOHN R. GIBSON, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM:


A jury convicted Shawn Richard Anderson and Mateo Morales ("appellants") of conspiring to manufacture methamphetamine. The district court[2] sentenced both appellants to 360 months imprisonment and five years supervised release under 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). While most of the issues appellants raise before this court lack any merit, we do find it necessary to revisit briefly the application to drug sentencing cases of the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. ----, 120 S. Ct. 2348, 147 L.Ed. 2d 435 (2000).


In Apprendi, the Court held that any fact, other than a prior conviction, that would increase a criminal defendant's sentence beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Id. at 2362-63. Such a fact effectively becomes the "functional equivalent" of an element of the offense. Id. at 2365 n.19. In United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir. 2000), we held that the Apprendi rule subsumes federal drug cases applying 21 U.S.C. § 841(b). 220 F.3d at 933.


In the instant case, the district court instructed the jury that it need find only that the conspiracy intended to produce a "measurable amount" of methamphetamine, rather than a specific amount. Subsequently, during the sentencing phase of the proceedings,

_____

[1]    The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[2]    The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the district court made a finding that the conspiracy intended to manufacture more than fifty grams of methamphetamine. We do not fault the district court for its actions, which were fully consistent with the established precedent of this circuit before Apprendi was decided. Because this case is on direct appeal, however, we must apply Apprendi retroactively. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

It is clear that under the rule of Apprendi, the district court erred when it found that appellants conspired to produce more than fifty grams of methamphetamine, and sentenced them accordingly. Under 21 U.S.C. § 841(b)(1)(A), a participant in drug conspiracy involving fifty or more grams of methamphetamine may be sentenced to a maximum of life imprisonment. If the conspiracy involves five or more grams, but fewer than fifty grams, the maximum sentence allowed is forty years imprisonment, as established by 21 U.S.C. § 841(b)(1)(B). If there is no finding of drug quantity, however, 21 U.S.C. § 841(b)(1)(C) caps the maximum sentence at twenty years. In this case, because the jury found only that appellants conspired to produce a "measurable amount" of methamphetamine rather than a specific drug quantity, appellants were properly convicted only of violating 21 U.S.C. § 841(b)(1)(C). By finding that the conspiracy involved fifty or more grams of methamphetamine, and imposing a sentence of thirty years, the district court contravened the rule of Apprendi.

This determination does not end our inquiry, because Apprendi "did not recognize or create a structural error that would require per se reversal." United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000). We have held that in light of Apprendi, "[D]rug quantity must often be treated as an element of the offense under § 841." United States v. Sheppard, 219 F.3d 766, 767 (8th Cir. 2000). Certainly this is such a case. However, the Supreme Court has held that if a trial court errs by omitting an element of the offense from its charge to the jury, instead deciding the element itself,

the conviction must still be affirmed if the error was harmless.[3] <u>Neder v. United States</u>, 527 U.S. 1, 8-15 (1999). Accordingly, we must affirm the appellants' sentences unless we find that "the record contains evidence that could rationally lead to a contrary finding with respect to the omitted evidence." <u>Id.</u> at 19.

In this case, there was overwhelming evidence that appellants conspired to produce amphetamine in a quantity sufficient such that appellants' thirty-year sentences do not exceed the statutory maximum as proscribed by <u>Apprendi</u>.

It is undisputed that law enforcement officers seized approximately 100 grams of pseudoephedrine, the main precursor chemical for making methamphetamine, from the residence of appellants' co-conspirator.[4] The prosecution introduced expert testimony that this quantity of pseudoephedrine could theoretically yield about ninety-two grams of methamphetamine.[5] Appellants' own expert concurred with this yield

---

[3] The parties disagree as to the appropriate standard of review. Because we conclude that the <u>Apprendi</u> error does not warrant reversal under harmless-error analysis, we need not decide whether the more stringent plain-error standard of review would apply to this case.

[4] In addition, authorities found evidence of the purchase of an additional fifty grams of pseudoephidrine, and subsequent to the seizure of the above chemicals appellants purchased another 1200 pseudoephedrine tablets.

[5] While <u>Apprendi</u> shifted the responsibility for determining the quantity of drugs from the trial court to the jury, it did nothing whatever to disturb the rule that where there is no seizure of drugs, as in a conspiracy case, the quantity of drugs may be determined by reference to "the size or capability of any laboratory involved." <u>See</u> U.S.S.G. § 2D1.1, comment. (n.12). The size or capability of a laboratory may in turn be based on the quantity of precursor chemicals seized and expert testimony about their potential conversion to methamphetamine. <u>See</u> <u>United States v. Hunt</u>, 171 F.3d 1192, 1195-96 (8th Cir. 1999).

Nonetheless, appellants contend that their laboratory was incapable of producing significant quantities of methamphetamine because they lacked sufficient anhydrous

estimate. To be sure, the relevant inquiry is not what a theoretical maximum yield would be, or even what an average methamphetamine cook would produce, but what appellants themselves could produce. United States v. Cole, 125 F.3d 654, 655 (8th Cir. 1997). However, appellants' co-conspirator was an experienced cook, the defense expert conceded that the conspirators' recipe was viable, if crude, and a search by authorities revealed traces of methamphetamine on laboratory equipment.

On the basis of this evidence, we think it improbable that any rational jury could conclude that the "object of the attempt," see United States v. Beshore, 961 F.2d 1380, 1383-84 (8th Cir. 1992), was to produce fewer than fifty grams of methamphetamine, particularly as appellants were properly charged in the indictment with conspiracy to manufacture in excess of fifty grams of methamphetamine. See United States v. Cavender, 228 F.3d 792, 804 (7th Cir. 2000) (finding a potential Apprendi error harmless because "the indictment charged that the defendants had handled 'multiple kilograms of mixtures containing cocaine base,' and this was the evidence put before the jury"). Most importantly, however, we find it inconceivable that any rational jury could conclude that appellants conspired to produce fewer than five grams of methamphetamine, given the overwhelming evidence that the conspirators possessed both the intent and the capability of producing an amount significantly greater than five

_____

ammonia, another precursor chemical. We have previously held that an estimate of a laboratory's capability based on the quantity of precursor chemicals seized need not be limited to the yield available from the least abundant precursor chemical. See United States v. Funk, 985 F.2d 391, 393 (8th Cir. 1993). While that holding was based on an earlier version of the Sentencing Guidelines, and must now be viewed in light of the requirement that a defendant not be held liable for any quantity of drugs he "was not reasonably capable of providing," see U.S.S.G. § 2D1.1, comment. (n. 12), this requirement does not alter our view that "[e]stimating the appropriate quantity [of drugs] . . . is a fact-intensive inquiry that should not be constricted by an inflexible rule as to one relevant factor." Funk, 985 F.2d at 393. The facts in this case demonstrate that whatever losses the conspirators may have suffered to their initial supply of anhydrous ammonia, they had no difficulty subsequently obtaining another two tons of that precursor.

grams. Inasmuch as a finding that the appellants sought to produce at least five grams of methamphetamine would subject them to a penalty of up to forty years incarceration under 21 U.S.C. § 841(b)(1)(B), appellants' actual sentences of thirty years fall well within the permitted range of sentences. Because no rational jury could have found appellants guilty of the substantive offense, yet at the same time found that the amount of methamphetamine the conspiracy sought to produce was less than five grams, we hold the <u>Apprendi</u> error to be harmless beyond a reasonable doubt. <u>See</u> <u>Nealy</u>, 232 F.3d at 830.

Having determined that the <u>Apprendi</u> error was harmless, and having considered and rejected all of appellants' remaining arguments, we affirm the decision of the district court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT