**Romelle Monte SURRATT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CIV 00–1116 ADM.
No. CR. 97–268(1)ADM/JMM.

United States District Court, D. Minnesota.

March 30, 2001.

Romelle Monte Surratt, Pekin, IL, pro se.

Carol A. Needles, Minneapolis, MN, for U.S.

## MEMORANDUM OPINION AND ORDER

MONTGOMERY, District Judge.

### I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Romelle Monte Surratt's (1) "Motion To Amend Motion Pursuant to § 2255" [Doc. No. 198], and (2) Motion Seeking Leave to Proceed *In Forma Pauperis* ("IFP") on appeal [Doc. No. 197]. For the reasons discussed below, Petitioner Surratt's ("Petitioner") Motion to Amend is denied and his Motion for IFP status is granted.[1]

### II. BACKGROUND

On November 19, 1997, Petitioner and two co-conspirators, Gregory Surratt, Sr., and Gregory Surratt, Jr., were named in a superceding indictment. Petitioner was charged in four counts of the indictment while the two co-conspirators were named in only the first two counts. The charges against Petitioner were: (1) conspiring to distribute and to possess with intent to distribute over 50 grams of crack cocaine in violation of 21 U.S.C. § 846 [Count 1]; (2) aiding and abetting possession with intent to distribute approximately 52 grams of a mixture containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Count 2]; (3) possessing with intent to distribute 365 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Count 3]; and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) [Count 4]. All three defendants were tried jointly.

1. The Government's Motion for Reconsideration of the *Apprendi* issue [Doc. No. 199] also has been considered and is granted only to the extent that *Apprendi* issues are discussed herein.

The jury found Petitioner guilty of all four counts. Petitioner was sentenced to 324 months of imprisonment. The Eighth Circuit affirmed Petitioner's conviction and sentence on March 31, 1999. *United States v. Surratt*, 172 F.3d 559 (8th Cir. 1999).

Following his unsuccessful direct appeal of his conviction, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 174]. After the Government responded to the § 2255 motion, Petitioner attempted to supplement his motion by adding a new claim based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Petitioner's § 2255 motion was denied by an Order dated August 10, 2000 [Doc. No. 189], which did not specifically address the belated *Apprendi* claim. Petitioner attempted to appeal the denial of his § 2255 motion, but his request for a Certificate of Appealability ("COA") was denied [Doc. No. 193]. The Court of Appeals upheld the denial of Petitioner's COA request, but remanded the case for consideration of the *Apprendi* claim raised in Petitioner's supplemental submission.

After the case was remanded, this Court reviewed Petitioner's *Apprendi* claim and found it to be without merit. By an Order dated March 6, 2001, Petitioner's § 2255 motion was denied once again [Doc. No. 196]. On March 19, 2001, Petitioner filed his current motion seeking leave to amend his § 2255 motion one more time. He also has filed an IFP application—even though he has not yet appealed the most recent denial of his § 2255 motion.

## III. DISCUSSION

### A. Motion To Amend

■ Petitioner's Motion to Amend is denied because it is both untimely and futile. First, a request for leave to amend in a post-conviction proceeding is left to the discretion of the trial court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir.), *cert. denied*, 528 U.S. 1011, 120 S.Ct. 512, 145 L.Ed.2d 396 (1999); *see also United States v. Craycraft*, 167 F.3d 451, 457 n. 6 (8th Cir.1999). While leave to amend is to be "freely given when justice so requires," Fed.R.Civ.P. 15(a), it is entirely appropriate to preclude a prisoner from filing an amended petition where the case has been pending for some period time and the prisoner has already had an ample opportunity to present his claims. *See Clemmons*, 177 F.3d at 686.

■ In this case, Petitioner waited until approximately two weeks after the Court had entered its post-remand order before seeking leave to amend his § 2255 motion yet again. The Court finds that Petitioner already has had an ample opportunity to present all of his post-conviction claims for relief, and that he has offered no good reason for the tardiness of his proposed amendment. His attempt to present his claims in a piecemeal fashion need not, and will not, be accommodated. The Motion for Leave to Amend is therefore denied on the grounds of untimeliness.

Next, and more importantly, the Motion to Amend is futile. Even assuming Petitioner's *Apprendi* claim did establish a violation,[2] the error was harmless. The *Apprendi* decision "did not recognize or create a structural error that would require per se reversal." *United States v. Anderson*, 236 F.3d 427, 429 (8th Cir. 2001). The conviction and sentence must be affirmed if the error was harmless. *Id.* (citing *Neder v. United States*, 527 U.S. 1, 8–15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Because of the undisputed evidence of drug quantity at trial with re-

---

**2.** The Court assumes *arguendo* that *Apprendi* applies and a violation occurred.

gard to Counts 1–3, no reasonable jury could have rationally concluded that Petitioner was guilty of the drug offenses and at the same time found the amount of drugs was less than the amounts listed in the indictment. *See Anderson,* 236 F.3d at 429–30. Any error was harmless.

■ Moreover, Petitioner cannot show the requisite prejudice resulting from his sentence of 324 months. A § 2255 petitioner may not raise constitutional issues that were not raised on direct appeal unless the petitioner demonstrates "cause" for the procedural default and "prejudice" resulting from the errors of which the petitioner complains. *See Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994); *Reid v. United States,* 976 F.2d 446, 448 (8th Cir.1992). Petitioner is unable to demonstrate prejudice in this case. The Sentencing Guidelines require a district court to run sentences from multiple counts consecutively, rather than concurrently, if the guidelines sentence exceeds the statutory maximum sentence for each count. U.S.S.G. § 5G1.2(d). Petitioner's guidelines sentence of 324 months exceeded the 240–month statutory maximum for one count of an indeterminate amount of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(C). Applying § 5G1.2(d) of the Sentencing Guidelines, Petitioner's sentence could have been structured differently, with sentences [3] of 240 months on Count 1 and 240 months on Counts 2 and 3 running consecutively to the extent necessary to reach the guideline sentence of 324 months. *See United States v. Sturgis,* 238 F.3d 956, 960–61 (8th Cir.2001). As such, Petitioner's sentence would not violate *Apprendi* because the sentence for each count would not exceed the statutory maximum sentence for indeterminate drug quantity. *See id.* Because Petitioner's sentence could be reformed to avoid an *Apprendi* error, there is no prejudice. Thus, Peti-

tioner's Motion to Amend his § 2255 motion is futile.

### B. Motion For IFP Status

Petitioner also has filed an application for IFP status. He apparently anticipated that his motion to amend his § 2255 motion would be unsuccessful, and is requesting IFP status for a planned appeal. Because Petitioner was represented by appointed counsel during his original criminal prosecution, he is automatically entitled to IFP status on appeal, unless the District Court affirmatively certifies otherwise. Fed. R.App. P. 24(a)(3). Although the Court is satisfied that Petitioner has no meritorious grounds for appeal, the Court is not prepared to say that an appeal could not be taken "in good faith" or that Petitioner is otherwise ineligible for IFP status on appeal. Therefore, Petitioner does not need any further authorization from the Court in order to proceed IFP on appeal. However, to eliminate any possible doubt about the matter, the Court grants Petitioner's pending Motion to Proceed *In Forma Pauperis.*

### IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Petitioner's "Motion To Amend Motion Pursuant to § 2255" [Doc. No. 198] is **DENIED;** and

(2) Petitioner's "Motion To Proceed *In Forma Pauperis*" [Doc. No. 197] is **GRANTED.**

---

**3.** Petitioner also has a sentence of 120     months on Count 4.