**UNITED STATES of America,**
**Appellee,**

v.

**Shawn Richard ANDERSON,**
**Appellant.**

**No. 00–1718.**

United States Court of Appeals,
Eighth Circuit.

April 18, 2001.

Before MORRIS SHEPPARD ARNOLD and JOHN R. GIBSON, Circuit Judges, and GOLDBERG,[1] Judge.

**1.** The Honorable Richard W. Goldberg, Senior Judge, United States Court of International Trade, sitting by designation.

GOLDBERG, Judge, concurring.

Shawn Richard Anderson petitions for rehearing by the panel, arguing that "an analysis of the evidence for purposes of whether the *Apprendi* error was harmless must be based on evidence that was presented to the jury." *See* Appellant's Petition for Rehearing at 6. Mr. Anderson cites no authority for this assertion, however, and I do not believe it is legally correct. In cases such as this one, where the district court has erred by omitting an element of the offense from its charge to the jury, our duty is first to "conduct a thorough examination of the record," *Neder v. United States,* 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), and then to "ask[ ] whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." *Id.* I understand the "record" in this context to comprise everything contemplated in Fed. R.App. P. 10(a), including "the original papers and exhibits filed in the district court [and] the transcript of proceedings."

My own thorough examination of the record persuades me that Mr. Anderson failed to adduce any evidence that could rationally lead to a contrary finding on the issue of drug quantity, either in his argument to the jury (where he and his co-conspirators clearly sought to portray themselves as incapable of achieving the object of their conspiracy), or before the district court during the sentencing phase. I believe our decision is therefore bound by *Neder. See* 527 U.S. at 19, 119 S.Ct. 1827 ("In a case such as this one, where a defendant did not, and *apparently could not,* bring forth evidence contesting the omitted element, answering the question whether the jury verdict would have been

the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee.") (emphasis added).

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

With respect, I cannot concur in the denial of Mr. Anderson's petition for rehearing because I believe that the *Apprendi* error in his case was not harmless. In rejecting Mr. Anderson's petition, the court does not ask the correct question: The question is not what evidence Mr. Anderson produced; the question is whether the jury had evidence before it that would have more or less inevitably led it to convict Mr. Anderson of conspiring to produce more than 5 grams of methamphetamine. The court points to no such evidence because there is not any. The court points to evidence that was produced at sentencing, but that evidence was not before the jury and is thus entirely irrelevant to the pertinent inquiry.

It is important to keep in mind *Apprendi* has to do with the right to a jury trial, and while *Apprendi* errors can, of course, be harmless, the question that we must always ask is whether there is no reasonable doubt that the evidence before the jury would have led it to convict the defendant of conspiring to produce a certain amount of amphetamine. If there is no such doubt, then the error was harmless. The question is not whether we believe that there was evidence which, if produced, would have proved the required element. We must focus on the trial that the defendant actually got, not some trial that he would have gotten if the government had known about the rule announced in *Apprendi.*

*Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), is not, despite the court's reliance on it, to the contrary. In *Neder,* the court specifically stated that the error was harmless because "the omitted element was uncontested and supported by overwhelming evidence," *id.* at 17, 119 S.Ct. 1827. Here, the evidence was not only not "overwhelming," it was, as I have said, wholly nonexistent.

Because Mr. Anderson was denied his right to a jury trial, I would reverse the judgment of conviction. I therefore respectfully dissent.