# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1034

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Mark Anthony Wright, | * | **[TO BE PUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: April 19, 2001
Filed: April 27, 2001

_____

Before LOKEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Mark Anthony Wright pleaded guilty to an indictment charging him with taking an automobile from Vickie Richardson by force, violence, and intimidation, with intent to cause serious bodily injury, in violation of 18 U.S.C. § 2119(2). At sentencing the district court added four levels to Wright's base offense level under U.S.S.G. § 2B3.1(b)(3)(B), based on a finding that Richardson had sustained serious bodily injury. The court sentenced Wright to 293 months in prison and five years supervised release. Wright appeals, challenging the serious-bodily-injury enhancement. We vacate his sentence and remand for resentencing.

Based upon investigative reports prepared by the Federal Bureau of Investigation, the presentence investigation report (PSR) recounted that Wright forced Richardson to drive him to an abandoned house where he raped, brutally attacked, and verbally threatened her. The PSR also stated that Richardson's victim-impact statement, a document not in the record on appeal, reported that she suffered mental, emotional, physical, and financial distress and injury as a result of the attack. Wright objected to these sections of the PSR, and to the recommended serious-bodily-injury enhancement. Though the government offered no additional evidence at sentencing, the district court overruled Wright's objections, finding that he committed an "unusually heinous crime wherein [he] sexually abused the victim . . . placed her in terror for her life and in fact, injured her seriously." As we have repeatedly held, if a sentencing court chooses to make a finding on any fact statement in the PSR to which the defendant timely objected, the court must base its finding on evidence, not the PSR. See United States v. Hudson, 129 F.3d 994, 995 (8th Cir. 1997) (per curiam). Here, the district court resolved disputed factual issues without evidence supporting the serious-bodily-injury enhancement. Accordingly, we must remand for resentencing.

The statutory maximum sentence for a basic carjacking offense is fifteen years in prison. 18 U.S.C. § 2119(1). Wright was indicted after the Supreme Court's decision in Jones v. United States, 526 U.S. 227, 252 (1999), where the Court held that 18 U.S.C. § 2119(2) -- which increases the statutory maximum to twenty-five years when carjacking results in serious bodily injury -- creates a separate offense that must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. Wright's indictment did not allege that he caused the victim serious bodily injury, and the indictment's bare citation to § 2119(2) was likely not sufficient to cure this omission. See United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1998). However, a violation of Jones, like a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), is subject to harmless error analysis. See United States v. Anderson, 236 F.3d 427, 429-30 (8th Cir. 2001).

In <u>Anderson</u>, we concluded that the <u>Apprendi</u> error was harmless because there was overwhelming evidence that the defendant had conspired to distribute an amount of drugs sufficient to support his sentence, despite the lack of a jury finding on drug quantity. Similarly, testimony by Richardson at resentencing might provide overwhelming evidence that she in fact suffered serious bodily injury, making the defect in Wright's indictment harmless error under <u>Jones</u>. That is an issue we leave in the first instance to the district court on remand. Absent a determination that any <u>Jones</u> error was harmless, Wright should be resentenced to no more than fifteen years in prison, the statutory maximum for a violation of 18 U.S.C. § 2119(1).

The judgment of the district court is reversed and the case is remanded for resentencing. We deny all pending motions on appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.