# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3996

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Harold Brown Bear, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | | |

_____

Submitted: May 17, 2001

Filed: May 24, 2001

_____

Before LOKEN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.

The Government charged Harold Brown Bear, Jr. "unlawfully did forcibly assault, resist, oppose, intimidate and interfere with . . . a law enforcement officer employed by Oglala Lakota Nation Department of Public Safety . . . while [the officer] was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111." According to § 111, when the statute's violation constitutes only simple assault, the violator may be imprisoned not more than one year, but when the violation constitutes more than simple assault, the violator may be sentenced to three years in prison. A jury

convicted Brown Bear, and the district court[*] sentenced him to two years in prison. On appeal, Brown Bear argues the statutory maximum sentence was one year because neither the jury instructions nor the verdict form indicated which specific facts the jury found, and thus his two-year sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) (other than fact of earlier conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).

Assuming <u>Apprendi</u> applies to Brown Bear's situation, we conclude any error in failing to require a jury finding that Brown Bear committed more than simple assault was harmless. <u>See</u> <u>United States v. Anderson</u>, 236 F.3d 427, 429 (8th Cir. 2001) (applying harmless error analysis to <u>Apprendi</u> violation). In this case, there was no evidence from which a rational jury could find Brown Bear committed only simple assault. <u>See</u> <u>id.</u> The officer testified that Brown Bear threatened to kill him, rushed at him, grabbed him by the neck with both hands, and choked him. The district court observed there was no evidence contradicting the officer's testimony and the "evidence would not support an instruction on simple assault because these facts constitute more than simple assault."

Because any <u>Apprendi</u> error was harmless, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.