# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2736

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Ray Collins, Jr., | * | of South Dakota. |
| Also Known as Devon Small, | * | |
| Also Known as Ray Davis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 17, 2001

Filed: June 22, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BYE, Circuit Judges, and GAITAN,[1]
District Judge.

_____

PER CURIAM.

Following his convictions by a jury for conspiring to distribute and to possess
with the intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1), § 846, and for
aiding and abetting the possession of cocaine base with the intent to distribute it, *see*

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the
Western District of Missouri, sitting by designation.

21 U.S.C. § 841(a)(1), 18 U.S.C. § 2(a), Ray Collins, Jr., was sentenced to 360 months in prison. Mr. Collins appeals, and we affirm.

The district court, rather than the jury, determined the amount of drugs that Mr. Collins was involved in distributing, and Mr. Collins therefore argues that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi*, 530 U.S. at 490, held that any fact, other than a prior conviction, that increases the maximum penalty to which a criminal defendant is exposed must be submitted to and determined by a jury. Because his thirty-year sentence exceeds the twenty-year maximum for the offense *simpliciter*, *see* 21 U.S.C. § 841(b)(1)(C), Mr. Collins maintains that he is entitled to be resentenced.

We have held, however, that if the proof at a defendant's trial was such that no rational jury, if the matter had been submitted to it, could have failed to find the defendant responsible for the quantity of drugs necessary to subject him to the sentence that he received, then an *Apprendi* error is harmless. *See*, *e.g.*, *United States v. Anderson*, 236 F.3d 427, 429 (2001) (*per curiam*). Our examination of the record convinces us that there is no reasonable likelihood that a properly instructed jury would have found that Mr. Collins was responsible for less than five grams of cocaine base, and thus he would have been subject to a maximum penalty of forty years under 21 U.S.C. § 841(b)(1)(B). There was overwhelming evidence at trial that Mr. Collins was involved in a conspiracy that dealt crack cocaine in kilogram quantities.

We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.