# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3911

_____

United States of America,

        Appellee,

v.

Randy L. Woods,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: October 5, 2001
Filed: October 10, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Randy L. Woods pleaded guilty to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Overruling his drug-quantity objection, the district court[1] sentenced Woods to 92 months imprisonment and 4 years supervised release. Woods renews his drug-quantity argument on appeal.

We conclude that the district court did not clearly err in determining Woods's drug quantity. See United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998)

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

(standard of review), <u>cert. denied</u>, 525 U.S. 1165 (1999).  The court properly relied on expert evidence, <u>see</u> <u>United States v. Hunt</u>, 171 F.3d 1192, 1196 (8th Cir. 1999), and properly estimated the capacity of Woods's laboratory based on an amount of precursor chemicals, <u>see</u> <u>United States v. Anderson</u>, 236 F.3d 427, 429 n.5 (8th Cir. 2001) (per curiam).  The court was entitled to believe the defense expert's testimony that Woods's laboratory could have theoretically produced the drug quantity urged by the government, while disbelieving the expert's testimony about the unlikelihood that a clandestine methamphetamine laboratory would have been able to do so.  <u>See</u> <u>United States v. Moore</u>, 212 F.3d 441, 446 (8th Cir. 2000).

We decline to consider Woods's argument that the purity of a small quantity of methamphetamine seized from the laboratory should be used to estimate the laboratory's capacity because he presents it for the first time on appeal.  <u>See</u> <u>Tarsney v. O'Keefe</u>, 225 F.3d 929, 939 (8th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1364 (2001).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.