HEANEY, Circuit Judge,
concurring.
I join in the majority’s opinion as to Parts I, II, III.A and IV, but I write separately to express my concerns about the majority’s reasoning in Part III.B as to appellant Thomas.
Apprendi mandates that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Today’s decision recognizes that the trial court committed plain error by failing to put the issue of drug quantity to the jury, yet upholds Thomas’s sentence because it does not result in a “miscarriage of justice.” Johnson v. United States, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citation omitted). I believe that the court’s analysis in this case circumvents Apprendi and undermines the Sixth Amendment right to a trial by jury.
I see two central problems with the majority’s analysis. First, as this court did in United States v. Anderson, 236 F.3d 427 (8th Cir.2001), the majority applies the harmless error analysis from Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) to uphold Thomas’s sentence. I do not believe, however, that Johnson supports the application of harmless error analysis to the Ap-prendi error in Thomas’s case.
In Johnson, the Supreme Court decided that despite the jury’s failure to decide the issue of materiality in a perjury case, reversal was not warranted because the error did not seriously affect the “fairness, *1207 integrity or public reputation of the judicial proceedings.” 520 U.S. at 470, 117 S.Ct. 1544. The Court found the error harmless because evidence of materiality was essentially uncontroverted at trial. The petitioner was found guilty of making false statements while testifying before a grand jury that was investigating her longtime boyfriend’s alleged investment of proceeds from drug trafficking in real estate. The petitioner falsely testified about the source of the tens of thousands of dollars she used to improve her home when, in truth, her long-time boyfriend was involved in financing the purchase of and improvements to her home. Because the grand jury was investigating her boyfriend’s real estate investments, the Court found that there was no plausible argument that petitioner’s false statements were immaterial. Indeed, materiality is evident from this brief recitation of the facts.
The issue of drug quantity, however, can be more difficult to prove than that of materiality. When considering whether the trial court’s error under Apprendi is harmless, this court must ask whether there is any reasonable doubt that the evidence before the jury would have led it to convict Thomas of less than the 100 grams of heroin needed to authorize his sentence. Anderson, 257 F.3d 924, 925 (8th Cir.2001) (M. Arnold, dissenting). While there is ample evidence that would allow a jury to conclude that more than 100 grams of heroin was involved in this conspiracy, it is unclear to me that the evidence proves beyond a reasonable doubt that defendant Thomas “knowingly and intentionally” conspired to distribute a quantity of heroin in excess of 100 grams. See 21 U.S.C. § 841(a). The government’s evidence against Thomas included testimony offered by several co-defendants, most of whom could not cite a first-hand observation of Thomas’s direct involvement with drug manufacture or trade. The government also produced recordings of wiretapped telephone drug orders to the North Grand location and ledger sheets recording drug distribution; however, from the record, it seems these drug transactions occurred at about the same time or after Thomas moved out of the North Grand location. Although the jury concluded that Thomas was involved in the conspiracy, the evidence regarding the conspiracy does not patently prove beyond a reasonable doubt that Thomas knowingly and intentionally conspired to distribute a particular amount of heroin.
Next, I do not believe that it is consistent with the Sixth Amendment for our court to sustain Thomas’s sentence merely because we have decided that no jury that convicted Thomas of conspiring to distribute heroin could have found him responsible for less than the 100 grams needed to authorize his sentence. Even though our court applied this analysis in Anderson, I believe the correct question should be whether the evidence proved beyond a reasonable doubt that Thomas conspired with others to distribute more than 100 grams of heroin. The majority’s conclusion, that no jury that found Thomas guilty of the conspiracy could also find less than 100 grams of heroin, requires the reviewing court to look into the thought process of the jury rather than conclude that the evidence, on its face, proves that the conspiracy involved a certain drug quantity beyond a reasonable doubt. In Johnson, the Supreme Court had overwhelming evidence of materiality — it did not have to look to the jury’s other findings to determine whether materiality had been proven. That is not the case here, and I think it is dangerous precedent for a court of appeals *1208 to extrapolate from a jury’s verdict other facts that, in error, the jury was not instructed to decide.
I believe that the failure of the trial court to submit to the jury each factor that could subject Thomas to punishment beyond the maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C) seriously affects the “fairness, integrity, [and] public reputation of the proceeding.” Johnson, 520 U.S. at 469, 117 S.Ct. 1544. Nonetheless, until such time as United States v. Anderson is overturned by an en banc panel of this court, I am bound by this circuit’s analysis that Johnson’s harmless error analysis applies to Apprendi errors such as Thomas’s, and that our court may infer from a jury’s verdict that a particular jury would not have found less than the amount of drugs needed to authorize the sentence. I reluctantly concur.