Thomas W. SMITH, Jr., Plaintiff–Appellant,

v.

Keith COOPER et al., Defendants–Appellees.

No. 01–3341.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 22, 2003.*

Decided Dec. 22, 2003.

---

* After examining the briefs and record, we conclude that oral argument is unnecessary.

Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Thomas W. Smith, Jr., pro se, Canton, IL, for Plaintiff–Appellant.

Mary P. Kerns, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

While a prisoner at Joliet Correctional Center, Thomas William Smith, Jr., sued various prison officials and two private contractors under 42 U.S.C. § 1983, claiming that they violated his Eighth Amendment, due process, and equal protection rights by replacing windows at the prison in the winter, resulting in frigid conditions in his jail cell. The district court dismissed the private contractors and several of the prison officials from the lawsuit, but found sufficient evidence to deny summary judgment as to the warden, assistant warden, and superintendent at Joliet. After the court dismissed the case on the mistaken belief that the parties had settled, this court remanded for a trial against the remaining defendants, which took place in August 2001. The court denied Smith's motion for appointment of counsel, and Smith proceeded pro se at trial. At the conclusion of the trial, the jury returned a verdict in favor of the defendants. On appeal, Smith raises three claims of trial court error. Because there is no merit to Smith's claims, we affirm.

Smith first argues that the district court erred in failing to present to the jury his claims for injunctive relief to prevent future construction work on windows during winter at Joliet and declaratory relief to fire several Joliet prison guards. Although Smith asked for such relief in his complaint, he told the district court at the pretrial conference that he intended to seek only money damages. This state-

ment could be interpreted as a waiver of his earlier request, *see United States v. Anifowoshe*, 307 F.3d 643, 650 (7th Cir. 2002); *Provident Savings Bank v. Popovich*, 71 F.3d 696, 699–700 (7th Cir.1995), but it is unnecessary to decide this question because injunctive and declaratory relief could not have been awarded to Smith. By the time of trial, he had been transferred from Joliet to Illinois River Correctional Center, rendering any request for injunctive or declaratory relief from conditions at Joliet moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir.1996).

■ Smith next argues that the district court erred in not instructing the jury on punitive damages. The district court was uncertain whether a punitive damages instruction would be appropriate, so it decided to bifurcate the deliberations, reserving the decision on whether to instruct about punitive damages until after the jury had decided the defendants' culpability. The record is silent on the issue of punitive damages after the jury found for the defendants.

Punitive damages are appropriate only when the jury finds that the defendants were motivated by evil intent or were callously indifferent to the plaintiff's federally protected rights. *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Marshall ex rel. Gossens v. Teske*, 248 F.3d 765 (7th Cir.2002). Here, the jurors found that the defendants were not responsible for Smith's alleged harm, noting on the verdict form their belief that "the system failed the plaintiff *not* the defendants" (emphasis added). Having thus concluded that the defendants did not violate Smith's federal rights at all, the jury necessarily had no basis to conclude that the defendants violated his rights with callous indifference or evil intent. *Cf. Pearson v. Ramos*, 237 F.3d 881, 886–87 (7th Cir.2001) (judge erred in upholding prisoner's punitive damage award when

there was no evidence that defendants were responsible for violation of prisoner's rights).

■ Finally, Smith contends that the district court erroneously refused to appoint counsel to represent him at trial and then held him to the same standards as a lawyer even though he was proceeding pro se. The district court chose not to appoint counsel because it believed that Smith had experience as a litigant and could therefore represent himself adequately. There is no right to counsel in a civil proceeding, and a district court may properly refuse to appoint counsel to a pro se litigant if the court reasonably believes that the litigant is able to present the case himself. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). By the time Smith filed this lawsuit, he had already filed at least "97 lawsuits, and he routinely assisted other inmates in research and case preparation." *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir.1995). This extensive legal background, combined with the straight-forward nature of his claim, demonstrates that Smith was far more capable of representing himself than the average pro se litigant. *See Hudson v. McHugh*, 148 F.3d 859, 862 n. 1 (7th Cir.1998) (the district court did not abuse its discretion when it denied pro se plaintiff's motion to appoint counsel because the plaintiff was as competent as the average pro se litigant).

■ Smith also believes that the district court treated him unfairly as a pro se litigant. As proof, he points to the numerous objections sustained by the court and the court's refusal to admit certain affidavits and letters into evidence. However, pro se litigants are not excluded from the rules of evidence and procedure at trial, *Members v. Paige*, 140 F.3d 699, 702 (7th

Cir.1998), and Smith does not point to any error in the court's evidentiary rulings. Therefore, he has not shown the trial court treated him unfairly.

Additionally, the record shows that the trial court did a commendable job of ensuring that Smith was not prejudiced by his status as a pro se litigant. Although the court sustained a number of objections to Smith's questions, it also overruled numerous objections by the defendants and often helped Smith present his questions and evidence in a manner that would survive objection. Similarly, the court excluded several affidavits and letters offered by Smith, but only after it determined that the authors and affiants of the documents would be testifying at trial and would therefore present their evidence directly. *See Young v. James Green Mgmt., Inc.,* 327 F.3d 616, 623 (7th Cir.2003) (any error in refusing to admit a letter into evidence was harmless when witness testified about the letter at trial). The district court's actions at trial admirably balanced the need to conduct the trial in accordance with the Federal Rules of Evidence while ensuring Smith's right to a fair trial on his claim.

AFFIRMED.