**UNITED STATES of America, Plaintiff,**

v.

**James Clarence STOLTZ, Defendant.**

**No. CRIM. 99–3563(DSD/JMM).**
**No. CIV. 03–5580(DSD).**

United States District Court,
D. Minnesota.

July 19, 2004.

James Edward Lackner, U.S. Attorney, Mpls, MN, for Plaintiff.

Mark D. Nyvold, Nyvold Law Office, St Paul, MN, for Defendant.

## ORDER

DOTY, District Judge.

This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and his request for leave to amend his § 2255 motion. For the following reasons, defendant's request for leave to amend is granted and his § 2255 motion, as amended, is denied.

## BACKGROUND

On November 17, 1999, defendant and four co-defendants were indicted on a charge of conspiracy to manufacture, distribute and possess with intent to distrib-

ute methamphetamine.[1] Defendant's trial was joined with that of co-defendant Aaron Carver. The jury found defendant guilty of conspiracy. On February 2, 2001, the court sentenced defendant to a term of imprisonment of 235 months to be followed by three years of supervised release. On direct appeal, the court of appeals affirmed the conviction and sentence. *See United States v. Zimmer*, 299 F.3d 710, 715 (8th Cir.2002). Defendant now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

After the government filed its answer or "return" to defendant's motion, defendant filed a reply or "traverse" to the government's answer. Defendant later filed a request for leave to amend his § 2255 motion, citing Fed.R.Civ.P. 15(c)(2). Defendant seeks to add a new claim for § 2255 relief based on the recent decision of the United State Supreme Court in *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

## DISCUSSION

### I. Standards Governing Motions Pursuant to 28 U.S.C. § 2255

■ Section 2255 provides persons in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court.[2] *See United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Collateral relief is considered an extraordinary remedy. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Defendant's motion claims ineffective assistance of counsel at trial and at sentencing. Such claims are appropriately raised in a § 2255 motion. *See United States v. Sanchez*, 927 F.2d 376, 378 (8th Cir.1991).

### II. Defendant's Traverse to the Government's Answer

■ Rule 5 of the rules governing § 2255 motions specifically states that a reply to the government's answer to a § 2255 motion is not required. *See* 28 foll. § 2255, Advisory Committee Notes to Rule 5 of the Rules Governing § 2255 Proceedings.[3] In habeas actions, a petitioner's reply to the government's answer was traditionally known as a traverse. *See* 39A C.J.S. Habeas Corpus § 190. The purpose of a traverse is to challenge factual assertions in the government's "return" or answer to the petition. *See* 71 C.J.S. Plead-

---

1. A superseding indictment filed on February 16, 2000, charged defendant with the same offense. The second count of the indictment charged one co-defendant with possession of a firearm by a felon.

2. The statute states, in pertinent part:

 [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

3. Section 2254, which provides habeas relief to state prisoners and which parallels § 2255, also notes that the traditional practice of requiring a reply or traverse to the government's answer has been abandoned, except in those circumstances "where it will serve a truly useful purpose." 28 foll. § 2254, Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Proceedings. Because the assertions of fact in the government's answer to a § 2254 motion are no longer presumptively valid, petitioners need not traverse those assertions in order to preserve the factual issues. *See id.; United States ex rel. Kendzierski v. Brantley*, 447 F.2d 806, 808 (7th Cir.1971).

ing § 184 ("A traverse is a denial of facts alleged in an adverse pleading; the common traverse denies, by express contradiction, the terms of the allegation traversed"). In revising the rules governing habeas corpus and § 2255 actions, Congress commented that "the traverse tends to be a mere pro forma refutation of the [government's answer], serving little if any expository function" and stated its intent to "create a more streamlined and manageable habeas corpus procedure." 28 foll. § 2254, Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Proceedings.

Defendant filed a seven-page standard form § 2255 motion, a twenty-five page addendum to the motion, a twenty-nine page memorandum of law in support of the motion and over thirty pages of exhibits. The court has reviewed defendant's twenty-page traverse and concludes that it merely challenges the government's legal analysis and rehashes defendant's legal claims. To that extent, it does not serve "a truly useful purpose" and is contrary to the streamlined process envisioned by Congress.

## III. Defendant's Request For Leave to Amend § 2255 Motion

■ A request for leave to amend a post-conviction pleading is left to the discretion of the trial court. *See Surratt v. United States,* 165 F.Supp.2d 946, 948 (D.Minn.2001) (citing *Clemmons v. Delo,* 177 F.3d 680, 686 (8th Cir.1999)). In the interest of justice and efficiency, the court will allow defendant to amend the motion. Fed.R.Civ.P. 15(a); Fed.R.Crim.P. 2 (requiring that rules be interpreted to ensure fairness and eliminate unjustifiable expense and delay).

In his amended motion, defendant adds a claim for relief based on the recently-decided case *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403

(2004). In *Blakely,* the Court extended its holding in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Blakely,* — U.S. at —– – ——, 124 S.Ct. at 2534–37. In *Apprendi,* the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

In *Blakely,* the Court held that the relevant statutory maximum is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537 (citing *Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)). The Court held that the State of Washington's sentencing scheme, which allowed imposition of a sentence above the range specified by guidelines on the basis of facts found by a judge, violates the Sixth Amendment right to trial by jury. *See id.* at 2538.

Defendant's amended § 2255 claims that his sentence is constitutionally infirm because it rests upon the court's factual determination that he was responsible for between 1.5 and 5 kilograms of methamphetamine. Under the federal sentencing guidelines, that finding significantly increased defendant's sentencing range. *See* U.S. Sentencing Guidelines § 2D1.1(3) (1997) (drug table). Defendant similarly challenges the court's factual determination that he was an organizer or leader in the offense, which resulted in an four-level increase the guidelines sentencing range. *Id.* § 3B1.1(a).

Defendant's claim fails for the following reason. Initially, the court notes that it has not been established that *Blakely* applies to the federal sentencing guidelines. *See Blakely,* — U.S. at — n. 9, 124 S.Ct. at 2538 n. 9 (declining to express

opinion with regard to federal sentencing guidelines). More germane to the present motion, however, is the court's conclusion that *Blakely* does not apply retroactively to matters on collateral review.

■■■ New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. *See Schriro v. Summerlin,* — U.S. —, — — —, 124 S.Ct. 2519, 2522–23, 159 L.Ed.2d 442 (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final after direct appeal. *See id.* at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." *Teague v. Lane,* 489 U.S. 288, 313, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In *Summerlin,* the Court considered whether the rule announced in *Ring* applied retroactively. *See Summerlin,* — U.S. at —, 124 S.Ct. at 2526. Like *Blakely, Ring* applied *Apprendi* to a state's sentencing procedures. *See Ring,* 536 U.S. at 603–09, 122 S.Ct. 2428. The Court concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. *See id.* at 609, 122 S.Ct. 2428. The Ninth Circuit Court of Appeals later applied *Ring* retroactively. *See Summerlin v. Stewart,* 341 F.3d 1082, 1121 (9th Cir.2003). The circuit court concluded that *Ring* had announced a substantive, rather than a procedural, rule or, alternatively, a watershed procedural rule. *See id.* at 1108, 1120. The Court held that because *Ring* was not a watershed procedural rule, it did not apply retroactively. *See id.* at 2526.

■ On review, the Supreme Court disagreed, holding that *Ring* was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. *See Summerlin,* — U.S. at —, 124 S.Ct. at 2523. It further held that *Ring* was not a watershed rule because it is not clear that judicial fact finding "so *seriously* diminishe[s] accuracy as to produce an impermissibly large risk of injustice." *Id.* at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, *Ring* does not have retroactive application. *See id.* at 2536. By that reasoning, *Apprendi* is not a watershed rule either.[4] It follows, then, that *Blakely* is also procedural, rather than substantive, and that it is not a watershed rule. Therefore, defendant's motion for relief pursuant to § 2255 cannot be grounded on that basis.

## IV. Ineffective Assistance of Counsel

Defendant raises several claims based on the premise that he was denied effective assistance of counsel, in violation of his rights under the Sixth Amendment. He asserts that counsel was constitutionally infirm at both trial and sentencing.[5]

To establish a claim of ineffective assistance of counsel, petitioner must meet both prongs of the test set out in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, defendant must show that counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. *See id.* at 687, 104 S.Ct. 2052. Second, he must show "a reasonable probability that, but for counsel's

---

4. *Compare United States v. Moss,* 252 F.3d 993, 996 (8th Cir.2001) (holding that *Apprendi* does not apply to initial § 2255 motions because it is not a watershed rule) *with Rodgers v. United States,* 229 F.3d 704, 705–06 (8th Cir.2000) (holding that *Apprendi* does not apply retroactively to second or successive § 2255 motions unless Supreme Court first so holds).

5. Defendant was represented by different attorneys at trial and at sentencing.

unprofessional errors, the result of the proceedings would have been different." *Id.* at 694, 104 S.Ct. 2052. Thus, in order to grant defendant's § 2255 motion, the court must find that he would have prevailed on the issues had they been properly presented by his attorney. *See Kitt v. Clarke*, 931 F.2d 1246, 1249 (8th Cir.1991). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir.1994).

### A. Ineffective Assistance at Trial

#### 1. Alleged Encouragement to Testify Falsely

Defendant alleges that trial counsel "encouraged him to testify falsely and contrary to the facts . . . ." (Def.'s Mem. Supp. § 2255 Mot. at 2–4.) Defendant claims counsel told him that "he should not say certain things." (*Id.* at 2.) By affidavit, defendant claims he told trial counsel about his extensive drug addiction and his limited involvement with his co-defendants. (Def.'s Ex. B, Stoltz Aff. ¶¶ 4–6.) He claims he admitted to counsel that he sold as much as five ounces of methamphetamine, but no more than that. (*Id.* ¶ 4.) Trial counsel told defendant that the jury would convict him if he admitted any awareness of his co-defendant's drug activities. (*Id.* ¶ 6.) Defendant also offers the affidavit of his girlfriend, Sarah Beck. Beck alleges that trial counsel instructed defendant, in her presence, to deny ever purchasing drugs from Carver or having any knowledge of Carver's drug manufacturing activities. (Def.'s Ex. A, Beck Aff. ¶ 2.)

Defendant raised this claim in a previous motion for new trial. The court denied the motion, finding it unsupported by any evidence. (Order of Dec. 6, 2000.) Defendant now offers his and his girlfriend's affidavits. However, even if the court found the allegation sufficiently credible to meet the first prong of *Strickland*, defendant fails to show, in light of the overwhelming evidence of his guilt adduced at trial, that he suffered prejudice as a result.[6] *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Defendant merely suggests that, "counsel thus presented a very implausible defense in light of all the evidence." (Def.'s Mem. Supp. § 2255 Mot. at 3.) When reviewing a claim of ineffective assistance, the court must consider the strength of the evidence adduced at trial. *See Strickland*, 466 U.S. at 696, 104 S.Ct. 2052. The court has previously commented on the compelling nature of the substantial physical and testimonial evidence of defendant's participation in the conspiracy. (Order of Dec. 6, 2000 at 5.) Because defendant fails to demonstrate prejudice, § 2255 relief is inappropriate on the basis of the alleged impropriety.

#### 2. Alleged Failure to Investigate

Defendant alleges that trial counsel failed to make use of correspondence between his co-conspirators that tended to imply defendant's withdrawal from the conspiracy by late 1996. Defendant argues that, based on the alleged earlier withdrawal, he was responsible for less than 1.5 kilograms of methamphetamine. He also contends that the letters indicate that his role in the offense was limited.

Defendant presents no evidence that counsel failed to investigate or was unaware of the letters. As the govern-

---

6. Defendant's citation to *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir.2002), in this regard is inapposite.

ment points out, the record shows counsel was familiar with the letters. (Government's Mem. Opp'n § 2255 Mot. at ·8.) Again, defendant ignores the overwhelming evidence of his on-going participation in the conspiracy. *See Zimmer*, 299 F.3d at 715. The letters themselves confirm defendant's involvement with the other defendants, but contrary to his assertions, they do not clearly demonstrate a withdrawal from the conspiracy. *See United States v. Askew*, 958 F.2d 806, 812–13 (8th Cir.1992) (to effectively withdraw from conspiracy and terminate further culpability, defendant must confess to authorities or clearly communicate withdrawal to co-conspirators). Thus, it was within the range of competent representation for defendant's counsel to choose not to introduce them at trial. The court will not second-guess the strategic decisions of counsel that are "the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

### 3. Failure to Move to Sever

 Defendant asserts that counsel was ineffective because he failed to move for severance of trial from co-defendant Carver. Defendant claims that his trial was prejudiced by the effect of evidence of Carver's possession and use of firearms. This claim is without merit. Where defendants are named in the same indictment, joint trial is generally appropriate. *See* Fed.R.Crim.P. 8(b); *United States v. McKuin*, 434 F.2d 391, 395 (8th Cir.1970). Severance is appropriate where a defendant will be clearly prejudiced by the jury's inability to "compartmentalize the evidence" relative to each defendant. *See United States v. Adkins*, 842 F.2d 210, 212 (8th Cir.1988).

 Defendant's conclusory assertion that the jury was unable to separate evidence of Carver's firearm violation from the evidence of defendant's participation in the conspiracy is contrary to common sense and unsupported by either the law or the facts of the case. Assuming, arguendo, that counsel was deficient in not moving to sever, defendant fails to show that any prejudice, much less clear prejudice, resulted. *See Adkins*, 842 F.2d at 212. The claim does not present a basis for § 2255 relief.

### B. Ineffective Assistance at Sentencing

#### 1. Counsel's Alleged Failure to Review Presentence Investigation Report ("PSR") with Defendant

 Defendant alleges that he did not receive a copy of the PSR and that counsel did not review the report with him prior to sentencing. In support of this claim, defendant submits an affidavit from sentencing counsel stating that counsel did not provide a copy of the PSR to defendant, that counsel lacked experience with sentencing proceedings, that counsel was busy at the time of the sentencing and that he did not rely on the PSR in preparing for the hearing. (Def.'s Ex. H.)

The court notes that the carefully-worded affidavit does not state that counsel failed to review the PSR with defendant. Nor does it state that defendant did not receive or review a copy of the PSR. Instead, the affidavit states that counsel did not give defendant a copy, and defendant was unable to answer questions concerning his role in the offense and the quantities of methamphetamine involved. (*Id.* ¶¶ 2–3.) Moreover, at sentencing, counsel confirmed to the court that he had reviewed the PSR with defendant. (Stc'g Tr. at 18.) Defendant did not challenge counsel's assertion. (*Id.*)

Defendant's claim that "absolutely no objections [to the PSR] were submitted on [his] behalf" is belied by the record. Counsel filed a pleading entitled "Proposed Sentencing Response," in which he ac-

knowledged the applicable statutory minimum and maximum penalties, argued for application of the 1996 version of the sentencing guidelines, alleged a pre–1997 withdrawal from the conspiracy, argued for sentencing based on quantities of 2.5 to 500 grams of methamphetamine, claimed defendant had only a limited role in the offense and sought a further downward departure. (Docket No. 260.) The court considered and rejected each of counsel's objections and arguments.[7] Because counsel filed meaningful, though ultimately unsuccessful, arguments and objections on his behalf, the court finds that defendant received constitutionally-effective counsel at sentencing.[8]

### 2. Alleged Failure to Protect Right to Object to PSR

Defendant claims that sentencing counsel failed to protect his right to file objections to the PSR. Because counsel did, in fact, file objections to the PSR on defendant's behalf, this claim is without merit.

### V. Request for Evidentiary Hearing

Section 2255 requires a hearing for the purpose of determining the issues and making findings of fact with respect thereto. *See* 28 U.S.C. § 2255. A hearing is not required where "the motion and the files and records of the case conclusively show" that relief is not available. *Id.* Because defendant fails to show the requisite prejudice resulting from any of his claims, it is clear that relief is unavailable. Accordingly, a hearing is unnecessary.[9]

### VI. Certificate of Appealability

 After careful consideration of defendant's claims for § 2255 relief, the court finds that, with one exception, he has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir.1997). The question of whether *Blakely* applies retroactively to convictions and sentences on collateral review is undecided in this circuit. Therefore, the court certifies that question for appeal pursuant to 28 U.S.C. § 2253(c)(3).

### CONCLUSION

For the reasons stated herein, and after a careful review of the files and records in the case, **IT IS HEREBY ORDERED** that:

---

7. Defendant asserts that counsel failed to introduce the previously discussed letters between co-conspirators at sentencing in order to show withdrawal or a lesser role in the offense. As the court has noted, because the letters do not demonstrate defendant's withdrawal in the manner required by law, they do not mitigate his culpability for the entire quantity of methamphetamine attributed to the conspiracy. *See Askew*, 958 F.2d at 812–13. Accordingly, counsel's decision not to introduce the letters at sentencing was neither incompetent nor prejudicial.

8. Defendant quotes the court as "mistakenly" finding that, "[t]he defendant was convicted by a jury of Count 1 as specifically being a member of a conspiracy that began in August 1996 and ended in March 1998." (Def.'s Mem. Supp. § 2255 Mot. at 26.) The court was not mistaken about the jury's verdict.

Further, when the court determined that "defendant did not attempt to remove himself from the conspiracy before November 1st, 1997," it based its finding on "the evidence at trial," not on the PSR. (Stc'g Tr. at 27.) Thus, objections to the factual statements contained in the PSR pertaining to defendant's participation in the conspiracy were moot.

9. Moreover, the purpose of an evidentiary hearing is not to retry the facts found by the jury at trial, but to find facts outside the files and records of the case that are directly relevant to the alleged impropriety of the sentence. *See* 28 U.S.C. § 2255; *Machibroda v. United States*, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The only significant fact disputed by defendant is the extent of his involvement in the conspiracy. As the court noted at sentencing, that fact was determined by the jury. (Stc'g Tr. at 27.)

1. Defendant's motion to vacate, set aside or correct a sentence [Docket No. 308] is denied.

2. Defendant's request for leave to amend his § 2255 motion [Docket No. 330] is granted.

3. Defendant's amended § 2255 motion [Docket No. 331] is denied.

4. A certificate of appealability is issued on the following question of law:

 a. Does the decision of the Supreme Court of the United States in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), apply retroactively to collateral review of a conviction or sentence?