[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 00-11254

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 11, 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00130-CR-S-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LEE BLAYLOCK, JR.,

Defendant-Appellant.

_____

No. 00-11255

_____

D. C. Docket No. 99-00130-CR-S-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER PETRILLO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

**(December 11, 2001)**

Before ANDERSON, Chief Judge, TJOFLAT, EDMONDSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON and COX, Circuit Judges.

BY THE COURT:

The order granting rehearing en banc in this case was improvidently granted, and the order of August 1, 2001, is hereby VACATED, thus reinstating the panel opinion.

CARNES, Circuit Judge, concurring, in which DUBINA, Circuit Judge, joins:

The defendants in this appeal were convicted of possessing precursor chemicals for the manufacture of methamphetamine in violation of 21 U.S.C. § 841(d)(1). At the time this case arose, and until recently, the guidelines provided that where "there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance," and they advised that in doing so the court could consider such factors as "the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved." U.S.S.G. § 2D1.1, comment. (n.12) (2000). We took this case en banc to consider issues relating to that process of approximation that was mandated by the guidelines.

Since this case arose, however, the guidelines have been amended so that they now provide more simply and directly for calculation of the base offense level for § 841(d)(1) offenses according to the weight of the precursor chemicals. See U. S. Sentencing Comm'n Supp. to the 2000 Guidelines Manual, Amendment No. 611, pp. 67 -78 (May 1, 2001). That amendment is effective May 1, 2001. Id. at 78. En banc rehearing is "an extraordinary procedure" intended for correction of "precedent-setting error[s] of exceptional importance." 11th Cir. R. 35-3. Because

of the guidelines amendment  the issues involved in this case are no longer of "exceptional importance."

For these reasons, I concur in the order of this Court vacating the order granting rehearing en banc in this case.

BARKETT, Circuit Judge, dissenting:

For the reasons expressed by Judge Cox in his panel dissent and, as far as I am aware, by every other circuit to have addressed the question,[1] I think the panel opinion was incorrectly decided, and continue to believe it deserves reconsideration en banc.

The recent amendment to the sentencing guidelines cited by Judge Carnes cannot, in my view, diminish the precedential importance of this case. Blaylock raised a challenge of constitutional dimension. He argued that it violated due process to sentence him on the basis of a theoretical conversion ratio where the government admitted it had no evidence of his actual production capability. Were this Court to agree, a guideline amendment prescribing the use of a particular theoretical conversion ratio under such circumstances would not cure the

---

[1]In United States v. Eschman, 227 F.3d 886 (7th Cir. 2000), the court found that the sentence lacked an evidentiary basis where it was based solely on the 100% theoretical yield (a one-to-one conversion ratio). "Both parties' experts testified that a 100% yield is merely theoretical (in other words, unattainable) . . . . While the government must prove the quantity of drugs attributable to [the defendant] only by a preponderance of evidence, . . . the record is void of any evidence which would reasonably support the district court's decision to base its methamphetamine quantity calculation on a one-to-one conversion ratio." Id. at 890. See also United States v. Anderson, 236 F.3d 427, 430 (8th Cir. 2001) (evidence must be based not on theoretical yield but on what the particular defendant could produce); United States v. Hamilton 81 F.3d 652, 654-55 (6th Cir. 1996) (finding of drug quantity must be based on at least some facts related to individual capacity of defendant's laboratory); United States v. Havens, 910 F.2d 703, 706 (10th Cir. 1990) ("The factual question is what each specific defendant could have actually produced, not the theoretical maximum amount produceable from the chemicals involved.").

constitutional problem.  Therefore, I would adhere to this Court's initial decision to review the case en banc.

COX, Circuit Judge, dissenting, in which BARKETT, Circuit Judge, joins:

I remain convinced that the panel opinion, which the court today reinstates, was wrong for the reasons stated in my dissent from that opinion. *See United States v. Blaylock*, 249 F.3d 1298, 1303-04 (11th Cir. 2001) (Cox, J., dissenting). Because that opinion produces a bad result in this case, and may affect other cases in the appellate pipeline, I respectfully dissent from the en banc court's order.

The panel opinion allows defendants to be sentenced based on a 100% theoretical yield, despite undisputed evidence that the theoretical yield is not an accurate basis for estimating actual yield. Reinstating that opinion effectively lightens the Government's burden of proof with regard to defendants sentenced before May 1, 2001, when the precursor amendment to the guidelines became effective. *See U.S. Sentencing Guidelines Manual Supp. to App. C*, Amendment No. 611, pp. 93-113 (2001).[2] As a result, these defendants might serve longer prison terms than they would otherwise. That a few defendants may improperly be required to serve a few more years is sufficient, in my view, to make this en banc case one of "exceptional importance." *See* Fed. R. App. P. 35(a)(2); 11th Cir. R. 35-3.

---

[2]The guidelines amendment concerning precursor chemicals does not render this case unimportant; defendants sentenced prior to May 1, 2001 are not affected by the amendment. *See United States v. Steele*, 178 F.3d 1230, 1237 (11th Cir. 1999) (applicable version of guidelines is that in effect on date of sentencing hearing).