[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13083

_____

D.C. Docket No. 03-00147-CV-6

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2006
THOMAS K. KAHN
CLERK

BOXER X,

Plaintiff-Appellant,

versus

A. HARRIS,
Sergeant,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 9, 2006)**

ON PETITION FOR REHEARING EN BANC

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH,
DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON and
PRYOR, Circuit Judges.

O R D E R:

The Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing En Banc is DENIED.

/s/ J. L. Edmondson
CHIEF JUDGE

CARNES, Circuit Judge, concurring in the denial of rehearing en banc:

I concur in the denial of rehearing en banc for reasons that have nothing to do with the merits of the Eighth Amendment issue addressed in Judge Barkett's dissenting opinion.

Because en banc decision making requires substantial expenditure of scarce appellate court resources, the rules wisely provide that rehearing en banc should be granted only when necessary "to secure or maintain uniformity of the court's decisions," or when "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). As the Advisory Committee Notes twice remind us, those are intended to be "rigid standards." Fed. R. App. P. 35(b) advisory committee's note (1998 amendment). There is no suggestion that the panel's decision on the Eighth Amendment issue in this case conflicts with the holding of a prior decision of this circuit. Instead, the pivotal inquiry is whether the Eighth Amendment issue in this proceeding is a question of "exceptional importance."

To be exceptionally important in a proceeding, an issue must at least matter to the outcome of that proceeding. Otherwise, the parties will not care about it; they should not be asked to spend the time and effort to litigate the issue through

the en banc stage; and deciding it becomes nothing more than an academic exercise insofar as the case is concerned. There is nothing exceptional about an issue that does not matter to the outcome of the case.

The panel held, and no judge of this Court appears to dispute, that Boxer X has stated a valid claim for violation of his Fourth Amendment right to privacy. It matters not to the disposition of this case whether the same factual allegations that establish the violation of Boxer X's Fourth Amendment rights also establish a violation of his Eighth Amendment right to be free of cruel and unusual punishment.

The provisions of the Prison Litigation Reform Act do not vary with the type or number of the constitutional rights claimed to have been violated. So far as the PLRA is concerned it makes no difference whether a given set of facts violates one or a half dozen constitutional provisions. The right to injunctive, compensatory, or punitive damages relief does not vary with the number of constitutional rights that are violated. If Boxer X is entitled to X dollars because certain conduct violates his Fourth Amendment rights, he is not entitled to any more than X dollars if that same conduct also violates his Eighth Amendment rights. No one has suggested, and I have not been able to imagine, a single piece of evidence that would be admissible if the case were to proceed on an Eighth

4

Amendment theory that will not be admissible when it proceeds on the Fourth Amendment theory the panel has upheld.

It might be suggested that the panel decision, if wrong, will confuse Eighth Amendment law and lead the bench and bar astray in future cases. I doubt that. More importantly, I doubt if it will matter in any situation where it may happen. Our decisions are controlling only in cases involving materially similar facts. If the facts in a future case are similar enough to those in this case for the panel's decision to apply, the plaintiff in that future case will have a valid privacy rights violation theory just as Boxer X has one. The Eighth Amendment holding won't matter in the future case for the same reasons it does not matter in this case. If it does matter in some future case whether facts like these violate the Eighth Amendment as well as the Fourth Amendment, then that case is the one in which we ought to take the extraordinary step of going en banc. We should not do it in a case where the decision of the en banc court will make no difference to the result.

Judge Barkett insists that "courts are required to adjudicate each claim on its merits without regard to the merits of other claims." Of course a district court is required to do that, and so is a court of appeals sitting as a panel and discharging the mandatory duty of appellate review. And that is exactly what the panel in this case did. A federal appellate court in the form of a panel of three judges of this

5

Court has decided every issue that Boxer X has presented. But appellate courts are not required to take the extraordinary step of granting en banc review in order to re-adjudicate every issue involving each claim or defense a litigant presents. If they were, en banc review would be granted in every case. The question before the house is not whether a litigant is entitled to one level of appellate review of the issues affecting his claims but how our discretionary power to sit as an en banc court should be exercised. While a plaintiff may be the master of his complaint, he is not the master of the en banc court.

Judges, acting like law professors, sometimes get caught up in the twists and whirls of a legal issue and debate beyond the point of conceivable consequence the doctrinal tags and tickets to be attached. Especially when deciding whether to take the extraordinary step of going en banc, we should keep in mind that the role of our court system in civil cases is not to decide how many analytical angels can dance on the head of a particular injury. Our role is to determine whether the plaintiff before the court is entitled to relief. We ought to leave the academic points to the academy, and by denying rehearing en banc today we do that.

BARKETT, Circuit Judge, dissenting from the denial of rehearing en banc:

There is no meaningful debate in our society—nor has there ever been—about whether forced masturbation is "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nevertheless, the panel holds that the abuse allegedly suffered by Boxer is not a violation of the Eighth Amendment because it considers forced masturbation a de minimis harm. Dismissing Boxer's Eighth Amendment claim on the basis that he only suffered a "little" sexual abuse constitutes a "precedent-setting error of exceptional importance" and warrants en banc review. See 11th Cir. R. 35-3. Thus, for this reason, amplified below, I dissent from the denial of rehearing en banc on this issue.

Once incarcerated, "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). A prisoner asserting an Eighth Amendment claim must demonstrate that the prison guard "act[ed] with a sufficiently culpable state of mind," Wilson v. Seiter, 501 U.S. 294, 297 (1991), and that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1,

8 (1992) (citation omitted).

In this case, there is no disputing the fact that the prison guard is alleged to have acted with a sufficiently culpable state of mind. Nor should there be a dispute that any sexual abuse constitutes "unnecessary and wanton infliction of pain." Pain need not be physical so long as "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id.; see also id. at 9-10 (stating that an inmate could very well have suffered "malicious and sadistic force . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."). Nor should there be any dispute that forced masturbation constitutes sexual abuse.

Here, however, the panel opinion holds that there is no Eighth Amendment violation because the harm inflicted was de minimis. It is unclear to me what rationale the panel uses to support its position. Does the panel opinion stand for the proposition that the sexual abuse of prisoners is not offensive to contemporary standards of decency and human dignity? Is the opinion suggesting that the Constitution permits a "little" sexual abuse? The panel "join[s] other circuits recognizing that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111

8

(11th Cir. 2006) (citing <u>Giron v. Corr. Corp. of Am.</u>, 191 F.3d 1281, 1290 (10th Cir. 1999) (emphasis added); <u>Freitas v. Ault</u>, 109 F.3d 1335, 1338 (8th Cir. 1997); and <u>Boddie v. Schneider</u>, 105 F.3d 857, 860-61 (2d Cir. 1997)).  Yet, the panel fails to explain why forced masturbation is not severe sexual abuse or how such mistreatment is to be distinguished from other forms of sexual abuse prohibited by the Eighth Amendment.[1]

When the Supreme Court stated that <u>de minimis</u> abuses do not violate the Eighth Amendment, forced masturbation under threat of reprisal was not the sort of behavior of which the Court spoke:  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition <u>de minimis</u> uses of physical force, <u>provided that the use of force is not of a sort 'repugnant to the conscience of mankind</u>.'"  <u>Id.</u> at 9-10 (quoting <u>Whitley</u>, 475 U.S. at 327) (emphasis added) (further internal quotation marks omitted).  To the extent that the panel concludes that Boxer has alleged only a <u>de minimis</u> harm, the panel must necessarily conclude that forced masturbation is not "repugnant to the conscience of mankind."  I cannot agree.  To consider forced masturbation <u>de minimus</u>, and therefore permissible at the whim of a jailer would be to deny the

---

[1]Boxer alleged three incidents of compelled masturbation when he felt forced to comply and two incidents wherein the guard filed false disciplinary reports against him when he refused to follow her orders in this regard.

9

"'broad and idealistic concepts of dignity, civilized standards, humanity, and decency'" that are embodied in the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). Compare Gill v. Tuttle, 93 F. App'x 301 (2d Cir. 2004) (unpublished) (finding that prison guard spitting on prisoner constituted de minimis harm); Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a prisoner's bruised ear caused during a routine search constituted a de minimis use of force).

At its essence, the test for measuring harm, for Eighth Amendment purposes, is the extent to which a prisoner's alleged harm violates: (1) human dignity, and (2) contemporary standards of decency. See Atkins v. Virginia, 536 U.S. 304, 311-12 (2002). There is no question that Boxer has alleged a violation of human dignity. The Supreme Court has explained that sexuality is central to human dignity and even to the very meaning of human existence. In Lawrence v. Texas, 539 U.S. 558, 567 (2003), the Court stated that laws regulating private sexual acts between consenting adults implicate "their dignity as free persons." In Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 851 (1992), the Court explained that "personal decisions" relating to matters involving sexuality are "central to personal dignity." In the same vein, one of our sister

10

courts observed long ago that "elementary self-respect" and "personal dignity" "impel[]" "[t]he desire to shield one's unclothed figure[ ] from view of strangers." York v. Story, 324 F.2d 450, 455 (9th Cir. 1963).  Our society has always recognized that "[s]exual abuse . . . can cause severe physical and psychological harm."  Boddie, 105 F.3d at 861.

The district court relied heavily on the fact that Harris never touched Boxer, but that reliance is misplaced.  We have recognized that the "case law . . . of the Supreme Court . . . made it plain that lack of physical injury did not mean that no Eighth Amendment violation had been established," Marsh v. Butler County, 268 F.3d 1014, 1034 (11th Cir. 2001), and "we have never held that a prisoner must allege a physical injury in order to make out a cognizable claim under the Eighth Amendment," Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir. 1999), vacated on reh'g en banc, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (2000) (en banc). As Justice Blackmun explained in a much-cited concurrence in Hudson, there is no reason "to limit injury cognizable under the Eighth Amendment to physical injury.  It is not hard to imagine inflictions of psychological harm—without corresponding physical harm—that might prove to be cruel and unusual punishment."  Hudson, 503 U.S. at 16 (Blackmun, J., concurring in the judgment) (citation omitted).  Justice Blackmun stated he was "unaware of any precedent of

11

[the Supreme] Court to the effect that psychological pain is not cognizable for constitutional purposes. If anything, our precedent is to the contrary." Id.[2]

No court has ever suggested that forced masturbation would not run afoul of the Eighth Amendment. Indeed, the Sixth Circuit has held that "a male inmate . . . stated a claim under the Eighth Amendment . . . by alleging that 'female prison guards have allowed themselves unrestricted views of his naked body in the shower, at close range and for extended periods of time, to retaliate against, punish and harass him for asserting his right to privacy.'" Everson v. Mich. Dept. of Corr., 391 F.3d 737, 757 n.26 (6th Cir. 2004) (quoting Kent v. Johnson, 821 F.2d 1220, 1227-28 (6th Cir. 1987)); see also Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981) (stating that "involuntary exposure of [a prisoner's genitals] in the presence of people of the other sex" could violate the Eighth Amendment when such exposure is "not reasonably necessary")[3] If the involuntary exposure of a

_____

[2]See also Delaney v. DeTella, 256 F.3d 679, 685 (7th Cir. 2001) (permitting prisoner's allegations of mental and physical injuries resulting from the denial of "out-of-cell exercise opportunities" for six months, and rejecting the defendants' argument that "only a showing of physical injury can satisfy an Eighth Amendment claim"); Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001) (affirming claim based upon prisoner's allegation that a guard had labeled him a "snitch" even though the prisoner had not alleged a physical injury); Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (holding that cross-gender clothed body searches constitute an "infliction of pain" because the searches created "a high probability of great harm, including severe psychological injury and emotional pain and suffering" (emphasis added; internal quotation marks omitted)).

[3]To be clear, the sex of the prison guard is just one among many factors that might contribute to the loss of human dignity experienced by a prisoner who suffers from sexual abuse.

12

prisoner's genitals in the presence of people of the other sex is "especially demeaning and humiliating," id., then forced masturbation is beyond the pale. This sexual abuse undeniably violates a most basic aspect of human dignity.

The nonconsensual nature of prison life should lead us to recognize that Harris's use of threats to force Boxer to masturbate was as constitutionally offensive as if Harris had physically touched Boxer. The power imbalance inherent in prison conditions is precisely what accounts for statutes that criminalize even consensual sexual activity between prisoners and their guards. See Brenda V. Smith, An End to Silence: Prisoners' Handbook on Identifying and Addressing Sexual Misconduct 21 (2d ed. 2002) (stating that nineteen states and the District of Columbia provide for criminal liability for correctional staff even if a prisoner consents to or voluntarily engages in sex); see, e.g., Fla. Stat. § 944.35(3)(b)(1), (3)(b)(3); Ga. Code § 16-6-5.1(c)(1)(B), (c)(3).

Moreover, with reference to the second measure of Eighth Amendment harm, I would hope that there is no dispute that the conduct at issue clearly offends contemporary (or any) standards of decency. See Hudson, 503 U.S. at 8. Although it should not be necessary, I would note that a recent congressionally

---

I do not suggest that being forced to masturbate in the presence of a guard of the same sex would not equally violate the dignity of a prisoner.

mandated report itself specifically defines sexual misconduct by correctional staff as "[a]ny behavior or act of a sexual nature directed toward an inmate by an employee . . . includ[ing] . . . indecent exposure, invasion of privacy, or staff voyeurism for sexual gratification."  Allen J. Beck & Timothy A. Hughes, Sexual Violence Reported by Correctional Authorities, 2004, at 3 (U.S. Dep't of Justice, Bureau of Justice Statistics July 2005), available at http://www.ojp.usdoj.gov/bjs/pub/pdf/svrca04.pdf (emphasis added).

Additionally, the criminal statutes of the federal government and forty-seven states "specifically criminaliz[e] sexual abuse in prisons."  Smith, supra, at 21; see 18 U.S.C. §§ 2241(a)(1)-(2), 2243, 2244; see also, e.g., D.C. Code § 22-3013; N.D. Cent. Code § 12.1-20-06.  Society's opprobrium for what happened in Boxer's jail cell is also manifested in the obscenity laws of several states.  See, e.g., Ala. Code 1975 § 13A-12-200.11; 720 Ill. Comp. Stat. § 5/11-21(a), (b); Minn. Stat. § 617.23 sub. 1; Miss. Code Ann. §§ 97-29-101, 97-29-103(1)(a), (3).  Under Alabama law, for example, it would have been illegal for Boxer to expose himself to Harris at a business establishment or private club.  See Ala. Code 1975 § 13A-12-200.11.  If Harris could not have solicited Boxer to expose himself and perform an autoerotic sex act in the voluntary context of a private strip club without violating societal standards of decency, then clearly Harris violated those

14

standards when she used threats to force Boxer to masturbate for her in his jail cell.

Neither contemporary standards of decency nor basic principles of human dignity sanction compelled masturbation. The use of prison disciplinary procedures to extract sexual favors from prisoners is the type of conduct that is at the heart of what the Eighth Amendment proscribes and for good reason. The sexual abuse of prisoners is an all-too-common phenomenon. Boxer's complaint of sexual abuse is not the first, and it will not be the last. The en banc court should address the question of whether the conduct at issue here is too "little" to be actionable under the Eight Amendments proscription of cruel or unusual punishment.

Finally, I fully agree with the Panel's conclusion that Boxer has stated a privacy claim, but I do not believe that the Panel's affirmance of his privacy claim alters the extent to which his Eighth Amendment claim is warranted. It is beyond question that Boxer's possibility of recovery on his privacy claim by itself does not lessen the importance of the constitutional principle at issue with respect to his Eighth Amendment claim. Judge Carnes argues that en banc review is not appropriate because Boxer has a claim for the violation of his right to privacy and therefore the question of whether Boxer has stated an Eighth Amendment claim,

15

supposedly irrelevant to the outcome of Boxer's case, is merely "academic." There is no support in fact or in law for this bald assertion. First, a claimant is entitled to seek recovery against a defendant on more than one theory and courts are required to adjudicate each claim on its merits without regard to the merits of other claims. Second, the denial of Boxer's Eighth Amendment claim has actual consequences for Boxer.

In our federal system of civil justice, the plaintiff is the "master of the complaint," see Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002), and, under the law, is entitled to decide which and how many claims he will assert. See generally Fed. R. Civ. P. 7(a), 8(a) & (e)(2) ("A party may [] state as many separate claims or defenses as the party has . . . ."); cf. id. 54(b) (establishing that an action is not terminated merely because a court adjudicates "one or more but fewer than all of the claims" asserted). The drafters of Federal Rule of Civil Procedure 8(e)(2) "realized that in a complex legal environment flexible pleading was essential to a full presentation of all relevant facts and legal theories at trial and the final settlement of disputes on their merits." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1282, at 714 (3d ed. 2004). "[A] pleader . . . will not be forced to select a single theory on which to seek recovery against the defendant." Id. § 1283, at 727–28.

16

We must adjudicate each claim on its merits without regard to the merits of other claims.  See Soldal, 506 U.S. at 70, 113 S. Ct. at 548**.**

These principles are no less important when the claims are constitutional ones.  The fact that Boxer has a right to privacy does not relieve us of our obligation to review a different constitutional claim. The Supreme Court has rejected this "fashion" of "doling out constitutional protections."  Soldal v. Cook County, Ill., 506 U.S. 56, 70 (1992).  Justice White, writing for a unanimous Court, explained:

> Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands. Where such multiple violations are alleged, we are not in the habit of identifying as a preliminary matter the claim's "dominant" character. Rather, we examine each constitutional provision in turn. See, e.g., Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (Fourth Amendment and Fourteenth Amendment Due Process Clause); Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (Eighth Amendment and Fourteenth Amendment Due Process Clause).

Id.; see also United States v. James Daniel Good Real Property, 510 U.S. 43, 49 (1993) ("We have rejected the view that the applicability of one constitutional amendment pre-empts the guarantees of another.");  Loving v. Virginia, 388 U.S. 1, 12 (1967) (explaining that Virginia antimiscegenation law independently violates both equal protection and substantive due process).

Moreover, although Boxer's claim for relief under the right of privacy and

17

the right to be free from cruel and unusual punishment involve related concerns, those civil rights are far from coextensive. Boxer might understandably believe that his claim for relief under the Eighth Amendment, which provides a clear textual and categorical ban of conduct relating to imprisonment, is a stronger legal theory than his claim for relief under the right of privacy. This is particularly true where a privacy claim is involved, as we have admittedly "declined to define the precise parameters of a prisoner's constitutional right to privacy," Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993).

Moreover, the panel did not hold that this claim was not actionable because Boxer would obtain a full measure of relief under his privacy claim. It held, as a matter of law, that this claim, regardless of the existence of other claims, was not actionable. That holding is plainly wrong. By denying en banc review, this court ignores "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" where an important constitutional right is at stake. Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817 (1976).