WILSON, Circuit Judge,
dissenting:
The original panel, of which I was a part, held that Evans met AEDPA’s standard for habeas relief under Strickland because his trial counsel presented absolutely no mental health mitigating evidence at sentencing and wholly failed to conduct a meaningful investigation into Evans’s background. As a result, Evans was sentenced to death without the jury and the sentencing judge having all of the facts essential to the deliberative process. Evans, 681 F.3d at 1254-70. I disagree with the majority’s conclusion to the contrary. I write separately, however, to express my reservation about the decision by the Court to take this case en banc in the first place. A majority of the active judges in regular service on the Court voted to reconsider this appeal en banc. As a result, we are faced with a majority opinion that essentially amounts to a mere disagreement with the original panel opinion. En banc review was not “necessary to secure or maintain uniformity of the court’s decisions,” nor does this appeal concern “a question of exceptional importance.” Fed.R.App. P. 35(a). The Rule says that if neither of these conditions are met, en banc review is “not favored and ordinarily will not be ordered.” Id.
*1337 Our rules of appellate procedure urge restraint in invoking the en banc mechanism, providing that rehearing en banc should be granted only when necessary “to secure or maintain uniformity of [our] decisions” or when “the proceeding involves a question of exceptional importance.” Fed. R.App. P. 85(a); see Boxer X v. Harris, 459 F.3d 1114, 1115 (11th Cir.2006) (en banc) (Carnes, J., concurring in the denial of rehearing en banc); see also Fed. R.App. P. 35(b) advisory committee’s note (explaining not once, but twice, that Rule 35(a) is intended to embody “rigid standards”). En banc resolution of the case before us is not necessary to secure uniformity of our decisions. Though the majority might suggest otherwise, its only quarrel is with the application of agreed-upon precedents to the facts at hand. So too with Judge Edmonson’s dissent to the original panel opinion. See Evans, 681 F.3d at 1272 (Edmonson, J., dissenting) (noting that the majority, applying Strickland and its progeny, simply “reached a different conclusion” than he would have reached on the facts). Yet in such a case, Eleventh Circuit Rule 35-3, our companion to Federal Rule of Appellate Procedure 35, explicitly provides: “Alleged errors in a panel’s determination of state law, or in the facts of the case ..., or error asserted in the panel’s misapplication of correct precedent to the facts of the case, are matters for rehearing before the panel but not for en banc consideration.” 11th Cir. R. 35-3 (emphasis supplied).
Nor does this appeal involve “a question of exceptional importance.” Fed. R.App. P. 35(a)(2); see United States v. Blaylock, 275 F.3d 1030 (11th Cir.2001) (en banc) (Carnes, J., concurring) (“En banc rehearing is ‘an extraordinary procedure’ intended for correction of ‘precedent-setting error[s] of exceptional importance.’ ” (quoting 11th Cir. R. 35-3)). There is nothing about Evans’s ineffective assistance of counsel claim that takes it out of the ordinary, run-of-the-mill such claims that we see, regrettably, so often in this circuit. I believe that every death case is important, but that does not mean that every issue presented in a death case is necessarily one of exceptional importance.
This appeal presents no novel question of law. The panel opinion disturbs no settled rule of law nor impugns the continued validity of any previous Eleventh Circuit or Supreme Court decision. See Watson v. Geren, 587 F.3d 156, 158 (2d Cir.2009) (per curiam) (Pooler, Katzmann, B.D. Parker, Wesley, and Hall, J.J., concurring in the denial of rehearing en banc) (“Given that the panel’s decision does not seek to depart from existing standards, the issue presented by this appeal is not properly considered a ‘question of exceptional importance’ within the meaning of Federal Rule of Appellate Procedure 35(a)(2).”). In cases such as these, we must be mindful that “the collective wisdom of the federal judiciary is that en banc review must be soundly justified, else the game will not be worth the candle.” Church of Scientology of Cal. v. Foley, 640 F.2d 1335, 1342 (D.C.Cir.1981) (Robinson, J., dissenting, joined by Edwards and Ginsburg, J.J.). No such sound justification is present here. Further,
[c]ontrary to the view one must perforce infer from the court’s decision today, the en banc court is not an institution for monitoring panel decisionmaking; it flies in the face of both the intent of Congress and Supreme Court precedent to use the Rule 35 procedure merely to correct individual injustices or mistakes.
Id. at 1341 (Robinson, J., dissenting, joined by Edwards and Ginsburg, J.J.) (internal quotation marks omitted); see E.E.O.C. v. Ind. Bell Tel. Co., 256 F.3d 516, 529 (7th Cir.2001) (en banc) (Posner, J., concurring) (noting that “we do not take cases en banc *1338 merely because of disagreement with a panel’s decision, or rather a piece of a decision”); see also Hart v. Massanari, 266 F.3d 1155, 1172 n. 29 (9th Cir.2001) (Kozinski, C.J.) (“Because they are so cumbersome, en banc procedures are seldom used merely to correct the errors of individual panels .... ”).
Disagreement with the panel opinion in a given case is simply insufficient to merit en banc review. If mere disagreement among federal judges on a particular issue were the touchstone of en banc review, nary a single opinion would see the light of day. Cf. Foley, 640 F.2d at 1341 (Robinson, J., dissenting, joined by Edwards and Ginsburg, J.J.) (“[T]he courts agree that the availability of en banc rehearings to cure intra-circuit conflicts does not justify a vote for reconsideration by the entire court merely because (a judge) disagrees with the result reached by the panel.” (internal quotation marks omitted)). Our appellate rules were judiciously crafted with exactly that consideration in mind.