OPINION
{¶ 1} Appellant Timothy Alan Edmond appeals from the denial of his petition for postconviction relief in the Licking County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 4, 1999, appellant pled guilty to two counts of trafficking in marihuana in violation of R.C. 2925.03(A)(C)(3)(b), and was thereafter sentenced to community control for five years. On July 21, 2000, the trial court revoked community control and ordered appellant to prison, although he was granted judicial release two months later.
 {¶ 3} On April 26, 2005, appellant filed a motion for postconviction relief. The trial court denied the motion on April 28, 2005, finding appellant had failed to state a claim for relief. On May 2, 2005, appellant filed an amended motion for postconviction relief. The trial court did not rule on the amended petition.
 {¶ 4} On January 5, 2006, appellant filed another motion for postconviction relief. The trial court denied the motion on February 6, 2006, concluding that it was procedurally inappropriate. Appellant filed a notice of appeal therefrom on March 8, 2006. He herein raises the following eight Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT HIS RIGHT AS AFFORDED BY THE CONSTITUTION OF THE STATE OF OHIO IN SECTION'S (SIC) 1, 2, 5, 10, AND 16.
 {¶ 6} "II. THE TRIAL COURT ERRED IN ADDING A VICTIM TO THE DEFENDANT IN A CASE IN WHICH THE DEFENDANT HAD ALL READY (SIC) BEEN SENTENCED.
 {¶ 7} "III. THE TRIAL COURT ERRED IN ALLOWING PARTIES UNDER ITS CONTROL AND/OR JURISDICTION TO ADD PROBATION TERMS THAT A REGISTERED SEXUAL OFFENDER WOULD POSSESS.
 {¶ 8} "IV. THE TRIAL COURT ERRED IN NOT RESPONDING TO THE DEFENDANT'S AMENDED MOTION FOR POST CONVICTION RELIEF.
 {¶ 9} "V. THE TRIAL COURT ERRED BY FAILING TO INSTITUTE FAIR AND EQUAL JUSTICE FOR THE DEFENDANT.
 {¶ 10} "VI. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT HIS RIGHT TO CONFRONT HIS ACCUSER.
 {¶ 11} "VII. THE TRIAL COURT ERRED BY ENHANCING THE DEFENDANT'S PROBATION SENTENCE BASED ON FACTORS THAT HAD NOT COME BEFORE A JURY DURING TRIAL.
 {¶ 12} "VIII. THE TRIAL COURT ERRED BY MEDICATING THE DEFENDANT RENDERING HIM UN-ABLE (SIC) TO CONSENT OR BE COHERENT DURING COURT AND CAUSING MEDICAL ISSUES."
 I. {¶ 13} In his First Assignment of Error, appellant contends the trial court (presumably when it denied his postconviction petition), violated his rights under certain sections of the Ohio Constitution.
 {¶ 14} Appellant's assigned error contains no argument or analysis; he merely provides the text of various provisions of the United States Constitution and the Ohio Constitution. Pursuant to App.R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." See, e.g., Tate v. Tate, Richland App. No. 02-CA-86,2004-Ohio-22, ¶ 57. We find appellant's claim at this juncture fails to comply with App.R. 16(A)(7).
 {¶ 15} Moreover, a court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A). State v. Demastry, Fairfield App. No. 05CA14, 2005-Ohio-4962. The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C. 2953.21(A)(2) as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." In order for a court to recognize an untimely postconviction petition pursuant to R.C.2953.23(A)(1), both of the following requirements must apply:
 {¶ 16} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 17} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 18} An appellate court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. State v. Volgares, Lawrence App. No. 05CA28, 2006-Ohio-3788, ¶ 8, citing State v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Appellant filed the postconviction petition leading to this appeal more than six years after his 1999 trafficking conviction. Having reviewed appellant's petition and appellate brief, we find appellant completely fails to demonstrate compliance with the requirements of R.C. 2953.23(A)(1).
 {¶ 19} Accordingly, we hold the court did not err in denying his petition. Appellant's First Assignment of Error is therefore overruled.
 II., III., V., VI., VII., VIII. {¶ 20} In his Second, Third, Fifth, Sixth, Seventh, and Eighth Assignment of Error, appellant apparently raises challenges to various aspects of his underlying conviction, sentence, probation conditions, and prior revocation.
 {¶ 21} In regard to these challenges, appellant has neither complied with the thirty-day "notice of appeal" rule set forth in App.R. 4(A), nor did he seek leave to file a delayed appeal under App.R. 5(A), with respect to the trial court's previous judgment entries. As such, we find we are without jurisdiction to address the aforesaid challenges.
 {¶ 22} Appellant's Second, Third, Fifth, Sixth, Seventh, and Eighth Assignments of Error are overruled.
 IV. {¶ 23} In his Fourth Assignment of Error, appellant appears to challenge the trial court's failure to rule on his amended postconviction relief petition of May 2, 2005.
 {¶ 24} To reiterate, the judgment entry under appeal in this case was issued February 6, 2006, and was based on appellant's petition of January 5, 2006. As appellant's earlier "amended" petition of May 2, 2005 apparently did not result in a
judgment entry and final appealable order in the trial court, appellant has no remedy on this issue on direct appeal. Instead, "[a] writ of mandamus or procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 35,656 N.E.2d 332, citing State ex rel. Sherrills v. Cuyahoga Cty. Court ofCommon Pleas (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899.
 {¶ 25} We therefore presently lack jurisdiction over appellant's Fourth Assignment of Error.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, P. J. Farmer, J., concurs. Hoffman, J., concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.