OPINION *Page 2 
{¶ 1} On July 3, 2002, defendant-appellant Jeffrey D. Dille [hereinafter appellant] was indicted on one count of rape, in violation of R.C. 2907.02. The matter proceeded to a jury trial which commenced on May 20, 2003. The jury returned a verdict of guilty.
 {¶ 2} Sentencing and sexual offender classification hearings were held on July 17, 2003. Appellant was sentenced to a definite prison term of six years and ordered to pay restitution upon his release from prison. In addition, the trial court classified appellant as a sexual offender. This Court upheld appellant's conviction and sentence. See, State v.Dille, 5th Dist. No. 03 CA 003, 2004-Ohio-6367.
 {¶ 3} On May 9, 2006 appellant filed a motion in the trial court to vacate or set aside his sentence. The trial court denied the motion by Judgment Entry filed August 29, 2006.
 {¶ 4} It is from the trial court's Judgment Entry filed August 29, 2006 denying his motion to vacate or correct sentence that appellant now appeals raising as his two assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY ENHANCING DEFENDANT-APPELLANTS SENTENCE OVER THE PRESUMPTIVE MINIMUM WITHOUT SUBMITTING THE JUDICIAL FACT FINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT. SEE BLAKELY V. WASHINGTON (2004),542 U.S. 296, 124 S. CT. 2531, 159 L. ED 403.
 {¶ 6} "II. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANTS MOTION TO VACATE OR SET ASIDE JUDGMENT OF SENTENCE *Page 3 
FOR RE-SENTENCING UNDER THE STATE V. FOSTER, OHIO ST. 3D, 2006-OHIO-856
AT 105-106 MANDATE, QUOTING RING V. ARIZONA, 536 U.S. 584 (2002)."
 I. II. {¶ 7} In his first assignment of error appellant argues, in essence, that the trial court's imposition of more than the minimum sentence is unconstitutional pursuant to United States v. Booker
(2005),543 U.S. 220, 125 S.Ct. 738, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531 and State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470. In his second assignment of error appellant contends the trial court erred in denying his motion to vacate and set aside judgment of sentence as such was not in compliance with the rulings inBlakely, Booker and Foster. We disagree.
 {¶ 8} Appellant raised the Blakely/ Foster issue for the first time in his motion to vacate and set aside judgment of sentence filed subsequent to this Court's affirmance of his conviction on direct appeal.
 {¶ 9} In Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review.
 {¶ 10} This Court as well as numerous other state and federal courts have found Blakely or Foster do not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300; See, also, State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, *Page 4 2005-Ohio-6299 (concluding U.S. Supreme Court did not makeBlakely retroactive to cases already final on direct review); In reDean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004),386 F.3d 367; United States v. Stoltz (D.Minn.2004), 325 F.Supp.2d 982;United States v. Stancell (D.D.C.2004), 346 F.Supp.2d 204; United Statesv. Traeger (N.D.Ill.2004), 325 F.Supp.2d 860.
 {¶ 11} Appellant's case is before us on appeal from a denial of his motion for the vacating and setting aside of sentence. Therefore, we find appellant's argument based upon Blakely and Foster unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 12} Appellant's first and second assignments of error are overruled.
By Gwin, P.J., Wise, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs to appellant. *Page 1