OPINION *Page 2 
{¶ 1} We are re-opening this case because appellant, Jeffrey D. Dille, has filed a motion that this court reconsider our decision in this case. This Court recently dismissed appellant's appeal because his assignments of error related to the trial court overruling his petition to vacate or set aside judgment or sentence. Appellant contended in his petition to vacate or set aside judgment or sentence that the trial court's imposition of more than the minimum sentence is unconstitutional pursuant to United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531 and State v.Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470. As we stated in our opinion, in Booker the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Supreme Court of Ohio limited the retroactive application of that decision to cases on direct review. See, State v. Dillie, 5th Dist. No. 2006-CA-10, 2007-Ohio-3510.
 {¶ 2} App. R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified. In Mathews v. Mathews (1981),5 Ohio App. 3d 140, 143, 450 N.E. 2d 278 218, the court stated: [t]he test generally applied in [A]pp. R. 26 (A) motions] is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." See also, State v. Owens (1996), 112 Ohio App. 3d 334,678 N.E. 2d 956. *Page 3 
 {¶ 3} A review of appellant's motion reveals that it has not demonstrated any obvious error or pointed out any issue that was not adequately addressed in the opinion.
 {¶ 4} "An Application for Reconsideration is not designed for use in instances where the parties simply disagree with the conclusions reached and logic used by an appellate court. App. R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." Id.
 {¶ 5} Appellant has made no such demonstration in his application for reconsideration. Appellant argues that sentencing errors are cognizable in post-conviction relief proceedings. However, as noted above and in our opinion previously filed, both the Ohio Supreme Court and the United States Supreme Court have explicitly held that Blakely andFoster arguments apply only to case on direct, not collateral, review.
 {¶ 6} Upon a complete review of appellant's Application for Reconsideration, this court finds that the issues had been thoroughly considered by this court in the original appeal. *Page 4 
 {¶ 7} For these reasons, appellant's Application for Reconsideration is found not well taken.
 {¶ 8} Appellant's Application for Reconsideration is therefore denied.{¶ 9} MOTION DENIED. IT IS SO ORDERED.
Gwin, P.J., Wise, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's Application for Reconsideration is denied. Costs to appellant. *Page 1