OPINION
{¶ 1} This matter is on appeal from the trial court's denial of appellant's motion for post conviction relief.
 STATEMENT OF LAW AND FACTS {¶ 2} On July 14, 2004, the Muskingum County Grand Jury indicted appellant on the following charges: One count of possession of drugs (cocaine) in violation of R.C. 2925.11(A), a fifth degree felony, one count of possession of drugs (marijuana), in violation of R.C.2925.11(A), a minor misdemeanor, and one count of receiving stolen property (a motor vehicle), in violation of R.C. 2913.51(A), a fourth degree felony. On December 15, 2004, at the arraignment, appellant entered a not guilty plea.
 {¶ 3} On January 7, 2005, as the result of plea negotiations, the appellant withdrew his former plea of not guilty, and pleaded guilty as charged in the indictment. Sentencing was deferred pending a pre-sentence investigation.
 {¶ 4} On February 23, 2005, appellant was sentenced to three (3) years of community control. Appellant was further notified that a violation of community control conditions could lead to the more restrictive sanction of a seventeen (17) month prison sentence.
 {¶ 5} On April 17, 2006, appellant stipulated to a violation of community control and the trial court imposed a seventeen (17) month aggregate prison sentence. Specifically, appellant was ordered to serve eleven months for possession of drugs (cocaine), and seventeen months for receiving stolen property. The trial court further ordered the sentences to be served concurrently. No fine was assessed for the minor *Page 3 
misdemeanor. Appellant did not file an appeal from the revocation of community control and imposition of sentence.
 {¶ 6} On September 14, 2006, appellant filed a Petition for Post Conviction Relief. In his petition, appellant argued that "the trial court erred by departing from the minimum sentence without judicial fact finding when imposing the alternate sentence of seventeen (17) months" upon finding that appellant violated the terms of his community control. Appellee did not respond to the petition.
 {¶ 7} On September 20, 2006, the trial court summarily denied appellant's petition for post conviction relief. It is from this judgment that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO REASONS OF DISMISSAL AND AS TO GROUNDS OF RELIEF RELIED UPON IN [THE] PETITION FOR POST-CONVICTION RELIEF.
 {¶ 9} "II. THE TRIAL COURT ERRED BY DEPARTING FROM THE MINIMUM SENTENCE WITHOUT SUBMITTING THE JUDICIAL FACT FINDING TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION BY THE DEFENDANT-APPELLANT, WHEN IMPOSING AN ALTERNATIVE SENTENCE OF SEVENTEEN (17) MONTHS AS A PREREQUISITE FOR VIOLATING THE ORIGINAL SENTENCE OF COMMUNITY CONTROL SANCTION, BEING A PRESUMPTIVE FOR AN ALTERNATE PREREQUISITE SENTENCE OF SIX (6) MONTHS.
 {¶ 10} "III. THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW WHEN IT FAILED TO PROPERLY CONSIDER AND FOLLOW THE STATUTORY *Page 4 
GUIDELINES IN ITS IMPOSITION OF SEVENTEEN (17) MONTH ALTERNATIVE PRISON TERM AS THE PREREQUISITE SENTENCE UPON DEFENDANT-APPELLANT FOR VIOLATING THE TERMS OF COMMUNITY CONTROL SANCTIONS IMPOSED AS THE ORIGINAL SENTENCE."
 I, II, III {¶ 11} In the first assignment of error, appellant argues that the trial court erred in failing to make findings of fact and conclusions of law in denying his petition for post conviction relief. In the second and third assignments of error, the appellant argues that the trial court erred in denying his motion for post conviction relief, where the trial court's imposition of more than the minimum sentence was unconstitutional pursuant to United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470. We disagree.
 {¶ 12} On appeal, this Court conducts a de novo review of the trial court's denial of appellant's petition for post-conviction relief where, as here, there was no hearing on the petition. State v. Edmond, Licking App. No. 06 CA 25, 2007-Ohio-555; State v. Volgares, Lawrence App. No. 05CA28, 2006-Ohio-3788 at paragraph 8 citing. State v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353; See also, State v.Schoolcraft, Washington App. No. 05CA29, 2006-Ohio-3139. Accordingly, we will independently review the record, without deference to the trial court's decision
 {¶ 13} Upon review we find that appellant raises theBlakely/Foster issue for the first time in his motion for post conviction relief. *Page 5 
 {¶ 14} In Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly inFoster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review.
 {¶ 15} This court as well as numerous other state and federal courts have found that Blakely and Foster do not apply retroactively to cases already final on direct review. State v. Dille, Morgan App. No. 2006-CA-10, 2007-Ohio-3510, State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300; See also, State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55,2005-Ohio-6299 (concluding U.S. Supreme Court did not makeBlakely retroactive to cases already final on direct review); In reDean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004),386 F.3d 367; United States v. Stoltz (D.Minn.2004), 325 F.Supp.2d 982;United States v. Stancell (D.D.C.2004), 346 F.Supp.2d 204; United Statesv. Traeger (N.D.Ill.2004), 325 F.Supp.2d 860.
 {¶ 16} Appellant's case is before us on appeal from the trial court's denial of post conviction relief. Therefore, we find appellant's argument based upon Blakely and Foster to be unpersuasive as appellant's sentencing issue is not being raised on direct review. *Page 6 
 {¶ 17} For these reasons, appellants, second and third assignments of error are hereby overruled. We further find appellant's first assignment of error to be moot.
 {¶ 18} Accordingly, the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.
Edwards, J. Hoffman, P.J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1