OPINION *Page 2 
{¶ 1} Defendant-appellant Kenneth E. Fletcher appeals the June 5, 2007 Judgment Entry entered by the Licking County Court of Common Pleas, which denied Appellant's Motion to Vacate Judgment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On March 11, 2005, the Licking County Grand Jury indicted Appellant in an eleven count Indictment, which included one count of breaking and entering, in violation of R.C. 2911.13(A); three counts of grand theft (motor vehicle), in violation of R.C. 2913.02(A)(1); two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1); two counts of having weapons while under disability, in violation of R.C.2923.13(A)(2); one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B)(C)(5)(a)(ii); two counts of vehicular assault, in violation of R.C. 2903.08(A)(2)(b). Two of the counts carried three year firearm specifications, and one count carried a one year firearm specification. Appellant appeared before the trial court on March 21, 2005, and entered a plea of not guilty to the charges contained in the Indictment.
 {¶ 3} Appellant subsequently filed a written plea of not guilty by reason of insanity. Via Entry filed April 27, 2005, the trial court ordered NetCare Psychiatric Services of Columbus, Ohio to conduct a psychiatric evaluation of Appellant to determine his sanity of the time of the alleged offenses. The trial court received the report from NetCare, which found Appellant was capable of understanding the nature *Page 3 
and objective of the proceedings, and assisting in his defense; therefore, is competent to stand trial. Upon request of counsel for Appellant, the trial court ordered a second psychiatric evaluation by Dr. Kristen Haskins of Grove City, Ohio. The trial court adopted Dr. Haskins' report, which like the NetCare report, found Appellant competent to stand trial.
 {¶ 4} Appellant appeared before the trial court on November 22, 2005, and withdrew his former plea of not guilty and entered pleas of guilty to the Indictment. The trial court sentenced Appellant to an aggregate term of imprisonment of fourteen years.
 {¶ 5} On May 3, 2007, Appellant filed a Motion to Vacate Judgment on the Basis of New Supreme Court Decision in Accordance with Civ. R.60(B) 4, 5, and 6 in which he asserted claims based upon the United States Supreme Court's Decision in Blakely v. Washington (2004), 542 U.S. 296, and the Ohio Supreme Court's Decision in State v. Foster (2006), 109 Ohio St.3d 1. Via Judgment Entry filed June 5, 2007, the trial court denied Appellant's motion, finding Apprendi and its progeny were not subject to retroactive application, and Foster was applicable only to cases pending on direct review.
 {¶ 6} Appellant filed a Notice of Appeal on July 13, 2007. This Court sua sponte dismissed the appeal for want of a timely notice of appeal. Thereafter, Appellant filed a motion for leave to file delayed appeal, which this Court granted. After the record was transmitted to this Court, Appellant failed to file a timely brief. Accordingly, this Court dismissed the case for want of prosecution. Appellant filed a motion for reconsideration. This Court granted the motion and reinstated the appeal. *Page 4 
 {¶ 7} It is from the June 5, 2007 Judgment Entry Appellant appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN IMPOSING SENTENCES BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY THE PETITIONER THIS OMISSION VIOLATED PETITIONER'S RIGHTS TO A FAIR TRIAL BY JURY AND DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS."
 {¶ 9} This case comes to us on the accelerated calendar governed by App.R. 11.1, which states the following in pertinent part:
 {¶ 10} "(E) Determination and judgment on appeal
 {¶ 11} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 12} The decision may be by judgment entry in which case it will not be published in any form."
 I {¶ 13} In his sole assignment of error, Appellant challenges his sentences in light of the United States Supreme Court's Decision inBlakely v. Washington (2004), 542 U.S. 296, and the Ohio Supreme Court's Decision in State v. Foster (2006), 109 Ohio St.3d. 1, 2006-Ohio-856.
 {¶ 14} This Court as well as numerous other state and federal courts have found Blakely and Foster do not apply retroactively to cases already final on direct review. State v. Dille, Morgan App. No. 2006-CA-10, 2007-Ohio-3510; State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300. See also, State v. Myers, Franklin App. No. *Page 5 
05AP-228, 2005-Ohio-5998; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55,2005-Ohio-6299 (concluding U.S. Supreme Court did not makeBlakely retroactive to cases already final on direct review); In reDean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004),386 F.3d 367; United States v. Stoltz (D.Minn. 2004), 325 F.Supp.2d 982;United States v. Stancell (D.D.C. 2004), 346 F.Supp.2d 204; United Statesv. Traeger (N.D.Ill. 2004), 325 F.Supp.2d 860.
 {¶ 15} Appellant's case is before us on appeal from the trial court's denial of his motion to vacate sentence. Therefore, we find Appellant's argument based upon Blakely and Foster to be unpersuasive as Appellant's sentencing issue is not being raised on direct review.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's conviction is not necessary for our disposition of this appeal.